## NASSAU SMELTING & REFINING WORKS, LTD. *v.* BRIGHTWOOD BRONZE FOUNDRY COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 242.   Argued April 28, 1924.—Decided May 26, 1924.

A creditor whose claim was included in the schedules is entitled to share in a composition offered by a bankrupt and duly accepted by the required majority, although his claim was not proved within a year after adjudication.   P. 270.

286 Fed. 72, reversed.

CERTIORARI to an order of the Circuit Court of Appeals which affirmed an order of the District Court limiting the deposit to be made in satisfaction of a composition in bankruptcy to the amount required for claims proven within the year following adjudication.

*Mr. Joseph B. Jacobs* for petitioner.

*Mr. Harry M. Ehrlich,* with whom *Mr. Henry Lasker* was on the brief, for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

On November 19, 1920, the Brightwood Foundry Company was adjudged a bankrupt by the District Court of Massachusetts.   On February 12, 1921, it made an offer of composition to its creditors.   On February 25, 1921, the meeting to consider the offer was held.[1]   The list of

---

[1] A voluntary assignment for the benefit of creditors had been made September 10, 1920.   The creditors elected a trustee in bankruptcy at a special meeting held March 17, 1922, but he did not qualify. The assignee under the voluntary assignment remained in possession of the assets formerly belonging to the bankrupt.

creditors provided for in § 7(8) of the Bankruptcy Act (July 1, 1898, c. 541, 30 Stat. 544, 548), had been filed by the bankrupt on February 16, 1921. Among those scheduled, was the Nassau Smelting & Refining Works, with a claim of $11,354.40. It had due notice of all proceedings; but failed to present its claim for proof until more than a year after the adjudication. No order was made either allowing or disallowing it. On March 27, 1922—more than a year after the meeting to consider the offer in composition—the bankrupt filed a petition in which it alleged that the offer had been accepted by the requisite majority of creditors, and that many who had been duly scheduled failed to prove their claims within the year after adjudication as provided by § 57n. It prayed for an order that only such sum be deposited as would be required to pay, in composition, claims seasonably proved. After due hearing, the prayer of the bankrupt was granted. Objection had been made by the Nassau Works; and it filed a petition to revise under § 24b. The order was affirmed by the Circuit Court of Appeals, Circuit Judge Anderson dissenting, 286 Fed. 72; and a petition for a writ of certiorari was granted. 261 U. S. 612. The question for decision is whether the deposit must include the amount required to pay creditors who were named in the schedule but failed to prove their claims within one year after the adjudication. In other words, are such creditors entitled to the benefit of the composition?

The Bankruptcy Act provides, in § 57n, that "Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication;" in § 12a, that "a bankrupt may offer, either before or after adjudication, terms of composition to his creditors after, . . . he has . . . filed in court . . . the list of his creditors required to be filed by bankrupts;" and that "action upon the petition for adjudication shall be delayed until

it shall be determined whether such composition shall be confirmed"; in § 12b, that the application for the confirmation of a composition may not be filed in the court until "it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, and the consideration to be paid by the bankrupt to his creditors . . . have been deposited in such place as shall be designated by and subject to the order of the judge;" and in § 12e, that "upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed." [2]

Composition is a settlement by the bankrupt with his creditors. In a measure, the composition supersedes, and is outside of, the bankruptcy proceedings. *Cumberland Glass Co.* v. *DeWitt*, 237 U. S. 447, 454. It originates in a voluntary offer by the bankrupt; and results, in the main, from voluntary acceptance by his creditors. It cannot be confirmed unless there has been such acceptance by the requisite majority. When confirmed the bankrupt is discharged from all debts "other than those agreed to be paid by the terms of the composition and those not affected by a discharge." § 14c. Thus, the composition binds creditors with scheduled claims, although they do not prove. It may be effected before the adjudication.[3] Where the assets have passed to the trustee pursuant to the adjudication, they are revested in the bankrupt.

---

[2] The official form [No. 61] of "Application for Confirmation of Composition" recites that after the bankrupt "had filed in Court . . . a list of his creditors, as required by law, he offered terms of composition to his creditors . . . ;" and "that the consideration to be paid by the bankrupt to his creditors . . . has been deposited, etc."

[3] See Act of June 25, 1910, c. 412, § 5, 36 Stat. 838, 839.

There is no provision in the act which declares, in terms, that the offer extends only to those who prove their claims. Why should proof, within the year, of the existence of the debt be required where, by including the claim in the schedule, it has been admitted by the bankrupt? Obviously, § 57n does not operate to exclude any creditor from the benefits of the composition, where the offer is made before there is an adjudication.[4] Section 57n would, also, have no application in a great majority of composition cases in which there has been an adjudication. For the offer is ordinarily made in order to enable the debtor to resume his business. In the normal case, the bankrupt is impelled by vital interests, not only to make the offer promptly, but to expedite confirmation. Interruption incident to delay necessarily impairs the value of a business as a going concern. Thus, the composition is usually carried through within the year. Creditors who have failed to prove their claims before confirmation (from inadvertence or because of their doubt whether it was worth the trouble and expense) are usually spurred to activity by notice that money on deposit awaits their application. The cases are rare in which a scheduled creditor who has had due notice fails to call, within the year, for the money awaiting him.

Where the distribution is of the bankrupt estate, each creditor has an interest in the claim which any other creditor may assert. He is interested in limiting the amount of claims to be allowed, because the greater the aggregate, the smaller (except where there is a surplus) will be his dividend. Each creditor is interested, also, in limiting the time within which others may prove, because distribution cannot be made until the close of that period. But where there is a composition, neither the amount

---

[4] Judge Anderson states (p. 75): " In recent years more than two-thirds of the composition cases in this district have been without adjudication."

which a creditor receives, nor the time when he receives it, can be affected by the amount of others' claims, or by the time of proof, or by their failure to prove.[5]  The rights of each creditor are fixed by the terms of the debtor's offer, subject only to its confirmation and the judge's order of distribution.  Nor can the time of proof of claims, as distinguished from their allowance, be of legitimate interest to the bankrupt.[6]  His rights, also, are fixed by the offer, unless where the legality or the amount of a claim is questioned.  No reason is suggested why Congress should have wished to bar creditors from participation in the benefits of a composition merely because their claims were not proved within a year of the adjudication.  Failure to prove within the year does not harm the bankrupt.  Why should he gain thereby?  And why should the creditor be penalized by a total loss of his claim?

The language of the act tends to support the contention that proof within the year is not essential to participation in the benefits of the composition.  Section 57n declares that " claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication."  There is no " bankrupt estate " where there is no adjudication.  And even where there is an adjudication, the proof made

---

[5] Prior to confirmation, he may have this remote interest in the allowance, as distinguished from the proof, of the claims of others. If he favors confirmation, he will be interested in having allowed the claims of other friendly creditors whose acceptance is needed to make up the requisite majority.  If he opposes confirmation, he will be interested in having claims of friendly creditors disallowed and of having those of hostile creditors allowed.  He may also be interested in enquiring whether a claim scheduled is fraudulent.  This is equally true of cases where there has been and where there has not been an adjudication.

[6] He may conceivably be interested in having a claim allowed or disallowed because of its effect upon the acceptance of his offer by the requisite majority of creditors.  Here, also, this remoter interest is the same whether there has been an adjudication or has not.

is not against the " bankrupt estate," if a composition follows. The claim is against funds deposited by the debtor pursuant to a bargain with his creditors. Allowance of a claim is necessary to qualify one as a voter on the question of acceptance. Hence, provision for such allowance had to be made. § 12a. But after the composition has been confirmed, allowance of a claim is not necessary for the purpose of establishing it as against the debtor, who is then alone interested, if he has already admitted the liability by including it in his schedule. Compare *Haley* v. *Pope,* 206 Fed. 266. Here the offer was made within three months of the adjudication. It confessedly extended to all scheduled creditors who should prove within the year. No reason is shown why it should be limited to these. *In re Atlantic Construction Co.,* 228 Fed. 571; *Matter of Fox,* 6 Amer. Bank. Rep. 525.

Where the offer of composition is not made until after the expiration of the year the question may be different.

*Reversed.*