## In re LENOX.

(District Court, W. D. Pennsylvania. June 26,. 1924.)

### No. 8054.

1. **Bankruptcy ⊝353—Surplus after payment in full of all allowed claims to be disposed of on equitable principles.**

Insolvency is the basis of the whole proceeding under Bankruptcy Act (Comp. St. §§ 9585–9656), and equitable distribution of the insolvent's property among his creditors, is the end and purpose of the law, which makes no provision for the disposition of a surplus remaining after all claims proved have been paid in, and such disposition must be governed by principles of equity.

2. **Bankruptcy ⊝328, 353 — Provision as to time for proof of claims is for benefit of creditors, not of bankrupt; creditor failing to prove claim within a year held entitled to payment from surplus after all proved claims are paid.**

The provision of Bankruptcy Act, § 57n (Comp. St. § 9641), that claims shall not be proved subsequent to one year after adjudication is for the benefit of creditors, and not of the bankrupt, and where a fund remains in the hands of the trustee after payment of all proved claims in full, a creditor whose debt was scheduled, but not proved, within the year, is entitled in equity to payment from such fund.

In Bankruptcy. In the Matter of James Lenox, bankrupt. On review of order of referee disallowing claim of one Strawn, receiver of the First National Bank of Uniontown. Reversed, with directions.

Sterling, Higbee & Matthews, of Uniontown, Pa., for claimant.

Elias Goodstein, of Uniontown, Pa., for bankrupt.

THOMSON, District Judge. The following question is before the court on the certificate of the referee: Was the referee right in disallowing a claim filed by a creditor whose debt was scheduled, after the expiration of one year, as between the claimant and the bankrupt, there remaining in the hands of the trustee an undistributed fund after the payment in full of all proved claims, including interest to the date of. payment and the cost of administration, and was the referee right in awarding the said fund to the bankrupt, instead of the creditors whose debts were scheduled, but not proved, within the year?

James Lenox filed a voluntary petition in bankruptcy and was adjudged a bankrupt. He had land in Pennsylvania, which was sold, but for an amount insufficient to pay the lien of the First National Bank of Uniontown. Afterwards certain coal lands in West Virginia were sold so advantageously that a considerable fund remained after the payment of a deed of trust thereon. This

fund remained for distribution. For some reason not appearing of record, Strawn, the receiver of the First National Bank of Uniontown, as well as two or three other small creditors, did not prove their claims within the year. At the hearing fixed for final distribution, Strawn, the receiver, offered proof of his claim on behalf of the bank, limiting the amount claimed thereunder to the surplus that might remain after the payment in full, including interest, of the claims proven within the year. Afterwards he filed his petition, reciting these facts, representing that the fund remaining in the hands of the trustee was a trust fund to be distributed on equitable principles, and praying that distribution thereof be made according to equity, and that he be awarded all or such part of the fund as was just and equitable. The bankrupt alone objected and claimed the fund. The referee disallowed the proof of claim, dismissed the petition, and awarded the fund, less the expenses of the proceeding, to Lenox, the bankrupt. The correctness of this order of the referee is the question certified, which is purely a question of law.

[1] The Bankrupt Law (Comp. St. §§ 9585–9656) and all machinery for carrying it into effect is predicated on insolvency. As defined in the act, a person is insolvent when the aggregate of his property shall not at a fair valuation be sufficient in amount to pay his debts. Insolvency is a jurisdictional fact, upon which every proceeding in bankruptcy must be based. In a voluntary petition, the bankrupt must make oath of his inability to pay his debts in full, and his willingness to surrender all his property for the benefit of his creditors, except such as is exempt by law. Adjudication follows only on the finding by the court of such fact. In involuntary proceedings, if the alleged bankrupt denies insolvency, the petition will be dismissed on the finding of this fact. In other words, insolvency, inability to pay his debts in full, is the basis of the whole proceeding, and the act of Congress in all its provisions has reference to that situation. The equitable distribution of all the insolvent's property among his creditors is the end and purpose of the law. The act did not contemplate, and therefore did not provide for the disposition of, a balance in the hands of the trustee after the payment of creditors in full. In such a situation, where in fact all the creditors are paid in full, every principle of equity would require the payment of such balance

to the bankrupt, not because of any provision in the Bankruptcy Act, but because equity would clearly demand it.

[2] To effect the object which the law has in view, the equitable distribution of all the bankrupt's property among his creditors, to make creditors diligent, and to accomplish promptly the liquidation of the estate, it was provided in section 57n (Comp. St. § 9641) that "claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication." This is a provision for the benefit of creditors, not for the benefit of the bankrupt. Against all provable claims, the bankrupt is protected by his discharge. The bankrupt's property belongs to his creditors, and not to himself. It has passed from him to the trustee, for the payment of his creditors. As among them, it is a matter of indifference to him how distribution is made. If one of them loses his right to participate in the common fund by failure to make proof within the period prescribed, it does not concern the bankrupt.

In the present case, the provisions of the Bankruptcy Act have been complied with, and those who complied with all its provisions have been paid in full. But the fact remains that the petitioner who had reduced his claim to judgment, the existence and validity of which the bankrupt recognized in his schedules and does not now deny, has received nothing. A fund remains in the hands of the trustee. Neither the bankrupt nor the creditor can claim the fund under the provisions of the Bankruptcy Act, but both have come into a court of equity asking for the fund, which must be awarded to him who has the superior equity. Shall the bankrupt be permitted to set up in this equitable contest, a provision of the Bankruptcy Act which would have barred the claimant, were distribution being made under the provisions of the act? Shall the bankrupt be heard to insist that his situation is the same as though the claim had never existed, or, if existing, had been paid? I think not. Distribution is not being made under the provisions of the Bankruptcy Act, and therefore no provision of that act is applicable.

The conclusion reached is in harmony with the general views expressed by Judge Lowell in Re Lane (D. C.) 125 F. 772. It is also consistent with the views of Judge Hand in Re Atlantic Const. Co. (D. C.) 228 F. 571, wherein the learned Judge held: "Section 57n does not apply to compositions, and, where an offer of a composition

was made within one year after the adjudication, all scheduled creditors were included in the offer, though they failed to prove their claims within the year, and the deposit must be sufficient to cover the agreed dividend to such creditors."

In an opinion filed by the Supreme Court on May 26, 1924, in the case of Nassau Smelting & Refining Works, Limited, v. Brightwood Bronze Foundry Co., 265 U. S. 269, 44 S. Ct. 506, 68 L. Ed. 1013, the court held that, in case of the failure of a claimant to present his proof of claim for more than a year after adjudication, he was still entitled to share with the other creditors in a composition; in other words, that proof within a year is not essential to participation in the benefits of a composition.

The order of the learned referee, dismissing the petition, must therefore be reversed. The petition is reinstated, and the referee is directed to make equitable distribution of the fund in question among the creditor claimants, in harmony with this opinion.