### In re M. D. MIRSKY & CO., Inc. *

District Court, S. D. New York.  January 9, 1929.

David W. Kahn, of New York City, for bankrupt.

David Haar, of New York City, for claimants.

GODDARD, District Judge.  Petitions to review three orders made by referee in bankruptcy are presented for consideration.

(1) Order of October 19, 1928, denying the motion made by the bankrupt to strike from the files claim of Cady, Schapiro & Schapiro for $8,161.32.

*Decree modified 32 F.(2d) 676.

(2) Order of October 19, 1928, denying the motion made by the bankrupt to strike from the files the claim of Schapiro & Schapiro for $6,724.67 and allowing said claim in that amount.

(3) Order of October 23, 1928, allowing the claim of the Aqua Realty Corporation in the sum of $30,805.27 and denying the bankrupt's motion to strike said claims from the records or adjourn the hearings on the merits.

The petitioner was adjudicated a bankrupt on January 9, 1928. On March 28, 1928, an order confirming a composition by the bankrupt with its creditors was signed.

The claim of Cady, Schapiro & Schapiro and the claim of Schapiro & Schapiro were filed on July 6, 1928. On October 19, 1928, the referee denied a motion made by the bankrupt to strike these claims from the files, and, no objections having been made on the merits to the claim filed by Schapiro & Schapiro, he allowed it "without prejudice to a right of bankrupt to move to re-examine claim on the merits." The contention of the bankrupt is that after the confirmation of the composition the jurisdiction of the referee was terminated and he had no power to receive the claims or allow them.

I do not think that the orders made by the referee relative to the claim of Cady, Schapiro & Schapiro, and the claim of Schapiro & Schapiro, should be disturbed, notwithstanding dicta are found in some cases to the contrary. The United States Bankruptcy Law, § 57n (11 USCA § 93), provides: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication. * * *"

As I read the statute, the only limitation of time in which a creditor shall prove his claim is that it must be done within six months after adjudication as provided for under section 57n. It is true that section 12e of the Bankruptcy Law provides: "Upon the confirmation of a composition, the consideration shall be distributed as the Judge shall direct, and the case dismissed. Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided." 11 USCA § 30. But it seems to be settled that the case is not immediately dismissed upon signing of the order confirming the composition, but only after the fund or consideration deposited by the bankrupt, in accordance with the composition agreement, has been fully distributed to the bankrupt's creditors. When there is a composition by a bankrupt, its estate is returned to it, and the court ceases to administer the bankrupt estate, and is concerned with the distribution

of the funds deposited for the composition. The question of what practical benefit, if any, a creditor may obtain by proving a claim after the confirmation, is neither now presented nor passed upon. I am holding merely that the referee had the power to file and allow the claim. Possibly a situation might arise where a claimant would be deprived of participating in the dividends from a bankrupt's estate where a composition had been set aside for fraud because the claimant had failed to prove his claims within the six months after the adjudication of the bankrupt; and it is apparent that the six months following adjudication might expire before the termination of the six months succeeding the composition, during which time the composition might be set aside. There might be other benefits.

In Wechsler v. United States, C. C. A. Third Circuit, 27 F.(2d) 850, 851, 12 A. B. R. (N. S.) page 378, at page 381, the court states: "After confirmation of a composition, the allowance of a claim is not necessary for the purpose of establishing it against the debtor, if he has already included it in his schedule, but if it is not included, it may be filed and allowed. Nassau Smelting & Refining Works v. Brightwood Bronze Foundry Co., 265 U. S. 269 [44 S. Ct. 506, 68 L. Ed. 1013]. To the extent that the unexhausted fund will do so, the claim may be paid out of that fund."

In United States v. Sondheim (D. C.) 188 F. 378, at 381, Judge Dodge states: "Section 38a(4) [11 USCA § 66] excepts from the referee's jurisdiction all questions arising out of the application for composition, but there may obviously be further proceedings required after a composition has been confirmed which involve no such question. No such question would be involved in the receipt and allowance or disallowance of a creditor's claim not barred by section 57n, even if presented after the confirmation; and it is therefore not clear to me why the referee, if he has not closed the case, may not receive and allow or disallow such a claim. No such question would be necessarily involved in holding or closing the creditors' final meeting, nor in settling the trustee's final account at that meeting, and if any of these proceedings had not been had when the composition is confirmed, they are still proceedings required by the bankruptcy laws. * * * I do not think a proper interpreta-

tion of the act requires confirmation of a composition to be regarded as superseding such further proceedings before the referee or rendering them impossible; provided, of course, that no further step be taken in the administration of the estate, which must stop with the confirmation of the composition."

See, also, In re Watman Konopolsky & Bernstein (D. C.) 291 F. 886, 1 A. B. R. (N. S.) 231.

The facts relating to the claim of the Aqua Realty Corporation differ from those in the two claims referred to above. This claim was scheduled by the bankrupt, but with a notation that it did not concede its liability, but pursuant to the terms of composition agreement the bankrupt filed a bond to insure the payment of the composition dividend on the claim should it be approved and allowed.

On July 5, 1928, within six months after the adjudication, the Aqua Realty Corporation filed its claim, and subsequently the referee allowed it "without prejudice to the bankrupt to file its application for reconsideration of said claim within a reasonable time."

It is quite probable that it was deemed desirable to decide the question as to whether or not the claim could be allowed before the referee finally disposed of the claim on its merits. In my judgment, the referee had the power to allow the claim for the reasons which I have already stated with reference to the other claims, and for the additional reason that the bond, which the bankrupt deposited as part of the composition agreement, in effect so stipulated, and that this situation comes within the rule of Matter of Klein (C. C. A.) 22 F.(2d) 906, 910, 11 A. B. R. (N. S.) 156, at page 162, in which Judge Swan states: "This section [section 12b] contemplates that the bankrupt's composition, when he applies for confirmation, shall be a contract between him and his creditors already executed on his part. * * * The Court, after confirmation, retains jurisdiction to distribute the consideration (section 12e), and as incidental thereto we think it has power to compel the bankrupt to make good his representation by depositing the omitted consideration which he has innocently misrepresented as already deposited. * * *"

Therefore I think the referee was right, and his orders should be sustained.