### In re EMPIRE SHOE CORPORATION.

District Court, S. D. New York.
Oct. 13, 1936.

714

Ehrich, Royall, Wheeler & Walter, of New York City, for petitioner.

Schiff, Dorfman & Stein, of New York City, for alleged bankrupt.

David W. Kahn, of New York City, for Irving Trust Co.

LEIBELL, District Judge.

On July 29, 1931, an involuntary petition in bankruptcy was filed in this court against Empire Shoe Corporation. The Irving Trust Company was thereafter appointed receiver of the estate of the alleged bankrupt.

Schedules were filed by the alleged bankrupt on August 3, 1931, and the city of Philadelphia, as trustee, was listed as a creditor with claims aggregating $6,503.77. Of this sum, $5,938.48 represented store rent due the city and the sum of $565.29 was set forth as being due for electricity, insurance, etc., under the terms of a lease of the store by the city to the alleged bankrupt.

The alleged bankrupt promptly made an offer of composition to its creditors of 30 per cent. of their claims in cash. The necessary consents were quickly obtained and the composition was confirmed by an order of this court on September 4, 1931, about five weeks after the filing of the petition.

The order confirming the composition directed that the Irving Trust Company, as deposit agent of the composition fund, pay to creditors listed in schedules, initialed by the referee and affixed to the court order, the amounts of the dividends set opposite their names in said schedules. (There were four schedules, designated A, B, C, and D, respectively. It may be noted that there appears to be some confusion in the order of September 4, 1931, as to which of the schedules contained the list of priority claimants and which the list of general creditors. This circumstance, however, does not seem of importance at the present time.)

On page 2 of Schedule D, annexed to the said court order, under the heading "Claims Scheduled but not Proved" appears the name of the city of Philadelphia, trustee, with claims totaling $6,503.77, on which the sum of $1,951.13 was directed to be paid as a composition dividend.

The court order of September 4, 1931, confirming the composition, contained also the following provision: "Objections by the alleged bankrupt to claims proved or scheduled must be made and must be brought on for hearing within ten days of the date of the entry of this order and in the event of failure so to do, the objections shall be deemed abandoned and the claims allowed as filed and as set forth in this order."

No objections to the claims of the city of Philadelphia were made and brought on for hearing as required by the above-quoted provision of the order. Rather, the schedules annexed to the court order were modified through an ex parte application made to the referee by the alleged bankrupt on a petition signed by Samuel Elkind, its president. The petition stated that the claims of the city of Philadelphia, as trustee, had been erroneously listed, and asked that said claims be expunged from the schedules for the reason that the alleged bankrupt had an offset more than sufficient to discharge the claims. The application was granted, and on September 4, 1931, an order was signed by the referee expunging the claims of the city of Philadelphia and amending the schedules accordingly. The city of Philadelphia had no notice or knowledge of this action with respect to its claims. Apparently the application was made ex parte to the referee because of the fact that the city had not filed a proof of claim, and therefore the only evidence of the debt was its admission as set forth in the schedules filed by the alleged bankrupt.

No composition dividend was ever paid to the city of Philadelphia by the alleged bankrupt or the Irving Trust Company, deposit agent, on account of the debts listed in the schedules attached to the court order of September 4, 1931. This is accounted for by the fact that the Irving Trust Company paid out the composition moneys on deposit with it according to certified copies of the schedules on dividend sheets fur-

nished by the referee. Said schedules, which were relied upon by Irving Trust Company, contained a notation that the claims of the city of Philadelphia had been objected to and expunged. Either the Irving Trust Company did not know that said certified copies of the schedules in that respect differed from the original schedules attached to the court order of September 4, 1931, which listed the claims of the city of Philadelphia and directed a payment of a 30 per cent. dividend on account thereof, or else it might have concluded that, if originally listed, the claim of the city had been duly objected to and duly expunged.

The Irving Trust Company was discharged by order of this court on February 24, 1932, and at that time surplus composition moneys aggregating over $16,000 were turned back to the alleged bankrupt.

The city claims that it received no notice of the offer of composition, or its confirmation, or of the fact that there were funds on hand for distribution, and that the true facts were only recently discovered by the city.

The present application has been brought on for hearing by order to show cause dated July 3, 1936. In its petition the city of Philadelphia, as trustee, asserts claims against the alleged bankrupt under a lease of premises, located in Philadelphia, to which that city has title as trustee under the will of Stephen Girard. The petitioner states that on July 29, 1931, the date of the filing of the petition in bankruptcy herein, its claims amounted to $5,938.49 for rent and $580.29 for electricity, heat, and insurance. The total has been reduced by the sum of $509.45 realized from a constable's sale of certain store fixtures, property of the shoe corporation, which were left behind when that corporation abandoned its lease. Attached to the city's petition is its proof of claim for $6,009.33.

The petitioner asks that the bankruptcy proceeding be reopened and that this court direct the alleged bankrupt to deposit the sum of $1,802.80 (30 per cent. of the petitioner's claim) with the Irving Trust Company to be paid in turn to the city of Philadelphia as its composition dividend. The petitioner further asks that the Irving Trust Company be directed to pay to petitioner any portion of the said sum of $1,-802.80 which the alleged bankrupt shall fail to deposit.

After a consideration of the affidavits and briefs submitted by the various parties and after an inspection of the file in this case, I am of opinion that the matter should be disposed of as follows:

1. So much of the motion as asks, in effect, that the distributing agent, Irving Trust Company, be held liable for any portion of the 30 per cent. composition dividend which the alleged bankrupt shall fail to deposit, is denied.

The depository in distributing the composition fund was relying upon certified copies of schedules furnished by the referee. This it had a right to do. Further, the court order of September 4, 1931, provided that the distribution of the composition fund to the creditors should be by checks of the depository countersigned by "the Referee in charge of these proceedings." In any event, the petitioner's laches would bar any relief against the Irving Trust Company. In February, 1932, the depository, pursuant to order of this court, returned to the alleged bankrupt the surplus moneys of the composition fund which it had on deposit, including such sums as would have provided for a 30 per cent. dividend to the petitioner. The position of the Irving Trust Company has thus been changed. It has not been unjustly enriched nor did it act in bad faith. It would be unfair to hold it financially responsible for mistakes of others. And, if the city had acted promptly, the depository might have protected both the city and itself by withholding sufficient sums from the unused surplus of the composition fund that was subsequently returned to the alleged bankrupt on court order.

2. Subject to the conditions hereinafter indicated, the petitioner's application in so far as it is directed against the Empire Shoe Corporation will be granted.

The order of this court dated September 4, 1931, was not complied with by the alleged bankrupt. That order directed payment to the petitioner in an amount equal to 30 per cent. of its claims, as set forth in the schedules annexed to the court order.

It matters not how said claims came to be included in said schedules, nor is it important whether the order of the Referee that they be expunged, was made before or after the court order was signed. Having been scheduled, the order provided the manner in which the claims might be ob-

jected to. The order directed that objections "to claims proved or scheduled must be made and must be brought on for hearing" within ten days of the date of the entry of the order. In case of failure so to do, the objections were to be deemed ·abandoned and the claims allowed "as filed and as set forth in this order."

Concededly, objections to the claims of the petitioner herein were not at any time brought on for hearing. Under the terms of the court order of September 4, 1931, said claims should have been considered as allowed. Payment of a 30 per cent. dividend on account thereof should have been made to the city of Philadelphia, as trustee.

Objection has been made to the jurisdiction of this court to entertain the petition herein at this late date. Such objection is not well taken for "the court retains jurisdiction so long as anything remains to be done to carry out the composition." In re Everick Art Corporation (C. C.A.2) 39 F.(2d) 765, 768.

· The issue is thus narrowed to the question of whether relief shall now be denied the petitioner on the ground of laches, there having ·been a delay of nearly five years.

The claims of the city of Philadelphia, as trustee, seem well founded. The alleged bankrupt, at the time of filing the petition, was indebted to the petitioner for three months' rent and for other charges. The alleged bankrupt included these claims in the schedules which it filed in this court. Against this debt an offset·is asserted, the validity of which I am in no position to judge.

If the city of Philadelphia were now to bring suit upon its claims, the Empire Shoe Corporation would undoubtedly plead its discharge under section 14c of the Bankruptcy Act (11 U.S.C.A. § 32 (c).

The petitioner's only remedy appears to be in this court and in the bankruptcy proceeding. It has been held that the requirements of section 57n of the Bankruptcy Act (11 U.S.C.A. § 93 (n), with respect to the period of time within which claims against a bankrupt estate must be proved, do not apply in composition proceedings. Nassau Smelting & Refining Works v. Brightwood Bronze Foundry Co., 265 U. S. 269, 44 S.Ct. 506, 68 L.Ed. 1013. The petitioner had a right to rely, for some time at least, upon the acknowledgment of its debt contained in the schedules filed by the bankrupt. It received no notice of the application made by the bankrupt to strike its name from the list of creditors.

Mere lapse of time is not sufficient to raise the bar of laches. The delay must be damaging. Rhinehart v. Victor Talking Mach. Co. (D.C.) 261 F. 646, 651. Has the Empire Shoe Corporation been harmed by the delay on the part of the city of Philadelphia in insisting upon compliance with the court order of September 4, 1931? The contrary is true. The alleged bankrupt received back from the Irving Trust Company the sums of money which, according to the September 4th order of this court, should have been paid as a dividend to the petitioner. If anything, the Empire Shoe Corporation has gained by the delay. See, Nassau Smelting & Refining Works v. Brightwood Bronze Foundry Co., supra, 265 U.S. 269, at page 273, 44 S.Ct. 506, 68 L.Ed. 1013. However, a proper regard for the equities of the case demands also that the alleged bankrupt be given an opportunity to substantiate any objections or offsets it may have to the petitioner's claim, which were originally scheduled and which are listed in the order confirming the composition.

The petition of the city of Philadelphia will therefore be granted to the extent of directing:

(a) That the bankruptcy proceeding be reopened before the referee originally designated herein and that petitioner's proof of claim be received and filed.

(b) That the Empire Shoe Corporation, within five days after service on it of a copy of the order of this court to be entered on this motion, deposit with the Irving Trust Company the sum of $1,802.80, being 30 per cent. of the amount of petitioner's claim.

(c) That, within ten days after the entry and service of the order on this motion, the Empire Shoe Corporation file with the referee its objections and offsets to petitioner's proof of claim. "After the claim has been liquidated (if there be objection), amend the schedules in bankruptcy" and the proper schedule "annexed to the order of confirmation, by inserting the amount as liquidated, nunc pro tunc. The petitioner may then enforce the order precisely as though he had been originally included." See In re Watman, Konopolsky & Bernstein (D.C.) 291 F. 886, at page 889.

Submit proposed order on notice.