## UNITED STATES v. GENERAL ENGINEERING & MANUFACTURING CO.

### No. 14212.

United States Court of Appeals
Eighth Circuit.

April 11, 1951.

Homer R. Miller, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack and A. F. Prescott, Sp. Assts. to Atty. Gen., Drake Watson, U. S. Atty. and William V. O'Donnell, Asst. U. S. Atty., St Louis, Mo., on the brief), for appellant.

George C. Willson, III, St. Louis, Mo. (Willson, Cunningham & McClellan and James S. McClellan, all of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an arrangement proceeding initiated by the debtor (appellee) on November 17, 1948, under Chapter XI of the Bankruptcy Act as amended, 30 Stat. 544, as amended by 52 Stat. 840, 11 U.S.C.A. § 1 et seq. The United States filed a claim for Social Security and withholding taxes with interest to November 17, 1948. It also claimed interest from that date until payment of the tax claim. The Referee in Bankruptcy, to whom the proceeding was referred, allowed the claim except as to interest after November 17, 1948. The United States, in the belief that its claim bore interest until paid, sought a review and reversal of the Referee's order. The District Court confirmed the order of the Referee, and this appeal followed.

The question for decision is whether, in an arrangement proceeding under Chapter XI, a tax claim bears interest after the date of the filing of the debtor's petition.

The facts are stipulated. They are stated in the opinion of the Referee as follows:

"Debtor's petition for an arrangement was filed November 17, 1948. Debtor was originally and for many years had been engaged in the manufacture of shapers (machine tools), but in recent years began the manufacture of commercial air con-

ditioning equipment, which at the time of commencement of these proceedings was its chief business, the manufacture of shapers having been relegated to a secondary position. The plan proposed in the original petition was in the nature of an extension. However, the company's financial condition and lack of a line of products sufficient to sustain operations in the off season made continued operation of its air conditioning business impracticable, and the proposed plan was abandoned. It was apparent that the best interests of the creditors would be served if the air conditioning division of the business could be sold as a going concern rather than have an immediate liquidation of the company. In order to maintain the business, together with its distributorship system, for such sales purpose, operations were continued under Court order, during which time material inventories were processed into finished units, those remaining unsold being included in the subsequent sale of the business. A purchaser was obtained after several months of negotiations and the plan formulated which was subsequently approved by creditors and confirmed by the Court. Under this plan debtor's air conditioning division was sold to Automatic Firing Corporation, a manufacturer of heating equipment. This sale in addition to the air conditioning division included all debtor's real estate and buildings, but excluded its machinery and equipment for manufacture of shapers, which together with all other assets, including the proceeds of the sale to Automatic Firing Corporation, were transferred to a liquidating corporation, with the exception of shaper inventory not to exceed in value $135,-000.00, and shaper patents, drawings, jigs, etc., which were retained by debtor. Debtor has no remaining facilities left for manufacture of shapers, but contracts with other tool manufacturing companies to so do under its patents and in the process using up the shaper inventory so retained. The stock of this liquidating corporation is held by a creditors' committee of four selected by the creditors and the assets transferred to it, are upon liquidation to be distributed upon a proportionate basis to the general unsecured creditors.

This method was adopted, as part of the purchase price received from Automatic was in notes payable within four years and liquidation of certain inventories over a period of time involved. From the proceeds of sale of the real estate there was deposited in Court $204,000.00 for payment in full of claims for $100.00 each or less, as provided in the plan, and payment of priority claims. The deposit is for more than the amount required. Any balance remaining is to be paid to the liquidating corporation for the benefit of general creditors. No objections to this plan were filed at any time prior to its confirmation. Having been accepted by the required creditors affected it was, upon due notice to all parties in interest, confirmed September 13, 1949."

In denying the United States interest upon its tax claim from the date of the filing of the petition to the time of payment, the Referee and the District Court relied mainly upon the decision of the Supreme Court in City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710. In that case it was held that tax claims against a bankrupt bear interest only to the date of bankruptcy and not until payment. The Government argues that the rule of the Saper case is limited to tax claims in what are called ordinary or straight bankruptcy proceedings, namely, those in which there is an adjudication in bankruptcy and the assets of the bankrupt are liquidated by a trustee for distribution to creditors. The Government contends that the rule may not be extended to tax claims against a debtor in a proceeding under Chapter XI.

We think that no implication reasonably can be drawn from the Saper case that tax claims have any different status in an arrangement proceeding under Chapter XI than they have in ordinary bankruptcies. The Supreme Court said in the Saper case, pages 337–338 of 336 U.S., page 559, of 69 S.Ct.: "The Court of Appeals concluded that by the 1926 amendment and the Chandler Act, Congress assimilated taxes to other debts for all purposes, including denial of post-bankruptcy interest. We think this is a sound and logical interpretation of the

Act after those amendments to §§ 64, sub. a, and 57, sub. n. Considered in conjunction with the general rule against post-bankruptcy interest as well as § 63's limitations of interest on other claims to date of bankruptcy, they compel our conclusion, already stated, that the statute as amended did not contemplate any exception in favor of tax claims."

It seems apparent that if the amended sections referred to by the Supreme Court, namely 64, sub. a, 57, sub. n and 63, are applicable to arrangement proceedings under Chapter XI, there can be no logical basis for a ruling that in such a proceeding a tax claim bears interest beyond the date when the debtor's petition is filed.

Section 64, sub. a, 11 U.S.C.A. § 104, sub. a, specifies the debts which have priority in bankruptcy and makes tax claims fourth in priority of payment. Section 57, sub. n, 11 U.S.C.A. § 93, sub. n, provides that "Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States and of any State or subdivision thereof, shall be proved and filed in the manner provided in this section." Section 63, sub. a(1), 11 U.S.C.A. § 103, sub. a (1), allows interest on judgments and written instruments only to date of bankruptcy. Section 63, sub. a(5), 11 U.S.C.A. § 103, sub. a(5), allows interest only to that date on debts reduced to judgment after bankruptcy.

What the Bankruptcy Act gives to the United States in bankruptcy proceedings is a provable claim for its taxes and interest to the date of bankruptcy, together with a limited priority.

Section 302 of Chapter XI, 11 U.S.C.A. § 702, provides: "The provisions of chapters 1 to 7, inclusive, of this Act shall, insofar as they are not inconsistent with or in conflict with the provisions of this chapter, apply in proceedings under this chapter. For the purposes of such application, provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors', and 'bankruptcy proceedings' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this chapter. For the purposes of such application the

date of the filing of the petition in bankruptcy shall be taken to be the date of the filing of an original petition under section 322 of this Act, and the date of adjudication shall be taken to be the date of the filing of the petition under section 321 or 322 of this Act except where an adjudication had previously been entered."

In an arrangement proceeding under Chapter XI the "debtor" is virtually a bankrupt except in name. Section 306(3), 11 U.S.C.A. § 706(3). Where not inconsistent with the provisions of the chapter, the jurisdiction of the bankruptcy court over the debtor and his property is the same "as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered at the time the petition under this chapter [Chapter XI] was filed", Section 312(2), 11 U.S.C.A. § 712(2), and the powers and duties of the officers of the court and the rights, privileges and duties of the debtor are also the same as though such an adjudication had been had, Section 341, 11 U.S.C.A. § 741. So also are the rights, duties and liabilities of creditors, § 352, 11 U.S.C.A. § 752.

The debtor, within a time fixed by the court after the acceptance of an arrangement, is required to deposit the consideration to be distributed to creditors and "the money necessary to pay all debts which have priority". Section 337(2), 11 U.S.C.A. § 737(2). To determine what debts have priority, recourse concededly must be had to Section 64, sub. a, 11 U.S.C.A. § 104, sub. a.

In case of the abandonment or rejection of an arrangement proceeding, the court may adjudicate the debtor a bankrupt or dismiss the proceeding. Section 376, 11 U.S.C.A. § 776. If the court directs that bankruptcy be proceeded with, "the proceeding shall be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this chapter [Chapter XI] was filed". Section 378(2), 11 U.S.C.A. § 778(2). Confirmation of an arrangement effects a discharge

of the debtor from all his unsecured debts and liabilities provided for by the arrangement and the order confirming it. Section 371, 11 U.S.C.A. § 771. See, also, Section 372, 11 U.S.C.A. § 772.

It seems obvious to us that all of the sections of the Bankruptcy Act upon which the Supreme Court relied in the Saper case in demonstrating that tax claims in bankruptcy proceedings are debts and that interest upon them is allowable only to the date of bankruptcy are equally applicable to proceedings for an arrangement under Chapter XI. We agree with the Referee in Bankruptcy and the District Court that the Government in the instant proceeding was no more entitled to the allowance of interest on its tax claim after November 17, 1948, than it would have been had the debtor on that day been adjudicated a bankrupt.

The order appealed from is affirmed.