**In the Matter of William Elvin MAYE, Debtor.**

**Bankruptcy No. 18029.**

United States District Court
E. D. Virginia.

Sept. 30, 1958.

Archie L. Boswell, Norfolk, Va., for the bankrupt.

Fred E. Martin, Jr., Norfolk, Va., for Norfolk Savings & Loan Corporation.

HOFFMAN, District Judge.

The single question on the petition for review of the Referee's order of May 9, 1958, as filed by Norfolk Savings and Loan Corporation relates to the time of filing claims, and the allowance thereof, under the provisions of Chapter XIII of the Bankruptcy Act, 11 U.S.C.A. § 1001, et seq.

Following the filing of the debtor's petition on February 3, 1958, this matter was referred to the Referee in Bankruptcy who proceeded to conduct the hearings required by law. The notice

of the first meeting of creditors contained a notice of the second meeting, at which time it was stated that confirmation of the plan would then take place if approved by the creditors. At the bottom of the notice, in capital letters, appeared the following:

"ALL CLAIMS MUST BE FILED PRIOR TO APRIL 30, 1958, OTHERWISE THE CREDITOR WILL NOT BE ALLOWED TO PARTICIPATE IN THE DISTRIBUTION."

It will be observed from the foregoing notice to creditors that the Referee imposed a time limit on the filing of claims, in order to participate in the distribution under the Wage Earner's Plan, which time limit was within the customary six months' period provided by § 57, sub. n of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n.

Counsel for the reviewing creditor lodged a proof of claim with the Clerk in the office of the Referee in Bankruptcy on or about April 22, 1958, but said proof of claim was not properly verified and, when the Clerk telephoned to the attorney to advise him of this fact, the attorney stated that he would pick up the claim for the limited purpose of having it sworn to, even though the Clerk offered to retain the claim in its incomplete form and mail to said attorney a notice to file an amended claim. The attorney took the proof of claim from the office of the Referee in Bankruptcy, but did not file the same on or before April 30, 1958, which was the last day specified by the Referee in Bankruptcy in the notice to the creditors in this proceeding. On May 1, 1958, one day after the last date specified in said notice, the claim of Norfolk Savings and Loan Corporation was then presented for filing in proper form, but the Referee disallowed said claim on the ground that it had been filed too late.

We do not reach the interesting question presented by the creditor with respect to the lodging of an improperly completed proof of claim, which was thereafter withdrawn for the limited

purpose of having it duly verified by a corporate officer.

Section 602 of the Bankruptcy Act, 11 U.S.C.A. § 1002, provides, so far as it may be pertinent, as follows:

"The provisions of chapters 1 to 7, inclusive, of this title shall, insofar as they are not inconsistent or in conflict with the provisions of this chapter, apply in the proceedings under this chapter * * *. For the purposes of such application, provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors', and 'bankruptcy proceeding' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this chapter * * * *"

■■ It is abundantly clear that the provisions of Chapter VI of the Bankruptcy Act, and specifically § 57, sub. n, 11 U.S.C.A. § 93, sub. n, are applicable to Wage Earner's Plans. When considered in conjunction with § 602 of the Act, 11 U.S.C.A. § 1002, it is manifest that Congress intended to place a limitation of six months after the first date set for the first meeting of creditors within which to file a proof of claim. Section 57, sub. n makes specific reference to proceedings under Chapter XIII, the pertinent portion of this statute reading as follows:

"Except as otherwise provided in this title, all claims provable under this title, including all claims of the United States and of any state or subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: * * * Provided, further, That, except in proceedings under chapters 10, 11, 12 and 13 of this title, the right of infants and insane persons without guardians, without notice of the bankruptcy proceedings, may continue six months longer * * *. When in any case all

claims which have been duly allowed have been paid in full, claims not filed within the time hereinabove prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case."

The foregoing is not to suggest that a creditor, seeking to file a claim after the date of the meeting held for confirmation of the plan, but within the period of six months after the first date set for the first meeting of creditors, should be permitted to upset the confirmation. The matter is fully covered in Remington on Bankruptcy, 6th Ed., Vol. 9, § 3761, p. 426, where it is stated:

> "Chapter XIII provides for proof and for allowance or disallowance of claims at the creditor's meeting or any adjournment thereof, and only claims proved and allowed before the conclusion of the meeting figure in computing acceptances of the plan. There is no provision for fixing the time to file claims by order of the court and therefore § 57(n) of the Act would appear to be generally applicable."

■ If it were not for the provisions of § 602 incorporating the provisions of Chapters I to VII, inclusive, into the Wage Earner's Plans, it is exceedingly doubtful that any time limitation could be placed on the filing of claims. Nassau Smelting & Refining Works v. Brightwood Bronze Foundry Co., 265 U.S. 269, 44 S.Ct. 506, 68 L.Ed. 1013. But since Chapter XIII of the Act incorporates by reference the applicable provisions of § 57, sub. n, which latter section makes reference to proceedings under Chapter XIII, it is inescapable that the six months provision for filing claims is applicable under Chapter XIII to the same extent as it is under straight bankruptcy proceedings.

The order of the Referee in Bankruptcy disallowing the claim of Norfolk Savings and Loan Corporation, which order is dated May 9, 1958, is vacated, and the matter is re-referred to the Referee in Bankruptcy for further proceedings, but the review of the order of the Referee confirming the debtor's plan of payment, dated April 30, 1958, is denied, with instructions to include the creditor as a participant in the plan.