**In the Matter of Donald F. HEGER, Debtor.**

**No. 4–59 Bankruptcy 19.**

United States District Court
D. Minnesota,
Fourth Division.

Aug. 3, 1959.

148

NORDBYE, District Judge.

This proceeding comes before the Court on a petition to review the order of the Referees in Bankruptcy dated March 5, 1959. There was no appearance for the Trustee, but the Referees filed a memorandum supporting their position in the matter. The debtor, by Mr. Arthur C. Wangaard and Mr. Raeder Larson, filed a memorandum in support of his position.

The debtor filed a petition in a wage earner plan proceeding under Chapter XIII of the Bankruptcy Act, 11 U.S.C.A. § 1001 et seq., on January 12, 1959. On February 5, 1959, there was a meeting of creditors at which meeting five verified proofs of claim were presented. There were fourteen creditors listed in the debtor's petition.

The debtor's plan, as originally proposed, would have established a procedure whereby only those creditors whose claims were duly filed and allowed would be entitled to a distribution. This restriction was stricken from the proposed plan by the Referees and, as confirmed, the plan calls for a distribution to all listed creditors whether or not their claims have been verified or otherwise proved. The debtor contends that all claimants are required to prove their claims. The Referees contend that the objects and purposes of the Bankruptcy Act would best be served if such proof is not made necessary.

The first question presented to this Court involves the requirement in the proposed plan that only certain creditors are entitled to a distribution. The debtor does not have discretion to determine who among his creditors are entitled to a distribution of his future wages. Any restriction limiting such distributions only to those creditors who prove their claims is a procedure to be ascertained from a reading of the Bankruptcy Act and cannot be settled within a plan presented by the debtor. Further Section 646(1) of the Bankruptcy Act states that plans "shall include provisions dealing with unsecured debts generally, * * *." 11 U.S.C.A. § 1046 (1). The attempt here by the debtor to establish which of his unsecured creditors are entitled to a distribution is a discrimination in contravention of Section 646(1) as the proposed plan does not deal generally with such debts.

The next question to be answered is whether creditors must prove their claims in a wage earner plan proceeding before they are entitled to a distribution as a matter of law. Congress has not explicitly indicated how such a question should be answered. Various authors of books and articles on bankruptcy matters are in conflict on this point. In 9 Collier on Bankruptcy, Section 659 (par. 29.09) (1942), it is stated that creditors need not file claims in order to receive dividends. Henry W. Parker agrees with that conclusion in an article in 19 Journal of the National Association of Referees in Bankruptcy at page 123 (1945) entitled "Distribution to Creditors in Wage Earners' Plans—Must Proof of Claim be Filed?" But see Nadler, Law of Debtor Relief, Section 565 (1954); 9 Remington, A Treatise on the Bankruptcy Law of the United States, Section 3761 (6 Ed., 1955); Woodbridge, "Must Creditors File Proofs of Claim in Wage-Earners' Proceedings Before They Can Share in Dividends", 17 Journal of the National Association of Referees in Bankruptcy 93 (1943). And see Interstate Finance Corporation v. Scrogham, 6 Cir., 265 F.2d 889.

Section 602 of Chapter XIII of the Bankruptcy Act states that the "provisions of chapters 1 to 7, inclusive, of this title shall, insofar as they are not inconsistent or in conflict with the provisions of this chapter, apply in proceedings under this chapter: * * *." 11 U.S.C.A. § 1002. Section 57, sub. n, in Chapter VI provides that "all claims provable under this title * * * shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed * * *." 11 U.S.C.A. § 93, sub. n. Section 602 by its terms incorporates Section 57, sub. n, and the debtor urges that Congress must have intended that claimants in a wage earner plan proceeding prove their claims before they may receive a dividend.

The Referees argue that the cases construing the old Bankruptcy Act sections authorizing compositions should be followed. The composition sections are the predecessors of the present Chapters X, XI, XII, and XIII. The leading case construing old composition Section 12 (11 U.S.C.A. § 30) is Nassau Smelting & Refining Works v. Brightwood Bronze Foundry Co., 1924, 265 U.S. 269, 44 S. Ct. 506, 68 L.Ed. 1013. That case held that creditors were not required to prove their claims as the schedules in the petition were sufficient proof of such claims. The court stated there that to bar creditors from participating in a distribution due to a failure of formal proof would be, in effect, an unjust and unwarranted penalty. See also In re Adamson, 2 Cir., 1936, 83 F.2d 211 (construing old composition Section 74 (11 U.S.C.A. § 202) ). It is significant, however, that the old composition sections had no provisions correlating proceedings thereunder with those in straight bankruptcy. Thus the courts were free to ignore those other sections of the Bankruptcy Act limiting distributions to creditors who verified their claims.

The Chandler Act of 1938 revised the old composition sections into the present Chapters X, XI, XII, and XIII of the Bankruptcy Act. It also established that Chapters 1 to 7 be incorporated within these chapters through the use of correlative sections similar to the present Section 602 of Chapter XIII. Act of June 22, 1938, c. 575, 52 Stat. 929. Chapters X and XII, entitled "Corporate Reorganizations" and "Real Property Arrangements" respectively, provide that the provisions of Chapters 1 to 7 shall apply, but that Section 57, sub. n, is there made expressly *inapplicable*. 11 U.S.C.A. §§ 502, 802. If Congress had intended that Section 57, sub. n, should not be incorporated within Chapter XIII, then it is reasonable to assume that it would have so stated as it did when it enacted Chapters X and XII. Chapter XI, entitled "Arrangements", states that the provisions of Chapters 1 to 7 are there applicable with no reference being made to Section 57, sub. n. 11 U.S.C.A. § 702. It is similar in this respect to Section 602 of Chapter XIII (11 U.S.C.A. § 1002). It was held in United States v. General Engineering & Manufacturing Co., 8 Cir., 1951, 188 F.2d 80, affirmed without opinion, 1952, 342 U.S. 912, 72 S.Ct. 358, 96 L.Ed. 682, that in an arrangement proceeding under Chapter XI, the Government could not obtain interest awarded on its tax claim against its debtor for the period subsequent to the filing of the petition. The basis for the decision as explained in Judge Sanborn's opinion was that Section 57, sub. n, of the Bankruptcy Act was incorporated by reference into Chapter XI by Section 302 of that chapter (11 U.S.C.A. § 702). That case is persuasive authority here for the debtor's position.

At the time that Chapters X to XIII were established, Section 57, sub. n, was amended to provide that "except in proceedings under chapters 10, 11, 12, and 13 of this title, the rights of infants and insane persons without guardians, without notice of the bankruptcy proceedings, may continue six months longer: * * *." Act of June 22, 1938, c. 575, 52 Stat. 866. It appears that

Congress had intended that Section 57, sub. n, be correlated with Chapter XIII since reference was made to a particular situation in which Chapter XIII would not apply. By implication, therefore, Section 57, sub. n, applies in all other proceedings under Chapter XIII. It should be noted, however, that all reference to Chapters X to XIII was stricken from that section by congressional enactment. Act of July 7, 1952, c. 579, 66 Stat. 424.

The same question as is here presented was answered in Matter of Maye, D.C., E.D.Va.1958, 180 F.Supp. 43. In that case, Judge Hoffman held that creditors in wage earner plan proceedings under Chapter XIII had to prove their claims pursuant to Section 57, sub. n, of the Bankruptcy Act before they would be entitled to a distribution. He stated in his opinion:

"If it were not for the provisions of Sec. 602 incorporating the provisions of Chapters I to VII, inclusive, into the Wage Earner's Plans, it is exceedingly doubtful that any time limitation could be placed on the filing of claims. Nassau Smelting & Refining Works v. Brightwood Bronze Foundry Co., 265 U.S. 269, 44 S.Ct. 506, 68 L.Ed. 1013. But since Chapter XIII of the Act incorporates by reference the applicable provisions of Sec. 57, sub. n, which latter section makes reference to proceedings under Chapter XIII, it is inescapable that the six months provision for filing claims is applicable under Chapter XIII to the same extent as it is under straight bankruptcy proceedings."

It may be observed that Judge Hoffman failed to note at the time he wrote his memorandum that Section 57, sub. n, of the Bankruptcy Act had been amended by the Act of July 7, 1952, to delete the language "That, except in proceedings under Chapters 10, 11, 12 and 13 of this title," which preceded the words "the rights of infants" in the second proviso. However, in addition to the language above quoted, Judge Hoffman apparently placed reliance upon the views of Remington on Bankruptcy, 6th Ed., Vol. 9, Section 3761, p. 426, which is quoted in the memorandum as follows:

"Chapter XIII provides for proof and for allowance or disallowance of claims at the creditor's meeting or any adjournment thereof, and only claims proved and allowed before the conclusion of the meeting figure in computing acceptances of the plan. There is no provision for fixing the time to file claims by order of the court and therefore Sec. 57 (n) of the Act would appear to be generally applicable."

This Court recognizes that the question presented may not be free from doubt. However, it is not without some significance that, according to information furnished by the Administrative Office of the United States Courts, the majority of the Referees in the Nation require creditors in Chapter XIII proceedings to file proof of their claims and to have them allowed before they are entitled as of right to receive from the Trustee any dividends under the wage earner plan. It is urged that Section 57, sub. n, of the Bankruptcy Act, which imposes a six-month filing period in straight bankruptcy, is inapplicable because the provisions refer to adjudication, a first meeting of the creditors, and a fund in existence at the time of the meeting; that is, it is pointed out that these terms seem to be inconsistent with the provisions of Chapter XIII. It is true that such terminology may not be technically appropriate when used in connection with the wage earner plan proceedings, but actually there is no basic inconsistency. Section 602 of the Bankruptcy Act (11 U.S.C.A. § 1002) states that under Chapter XIII the "date of adjudication" would be the date of the filing of the wage earner's petition. The first meeting of the creditors and the "fund" of straight bankruptcy corresponds respectively with the meeting of creditors under Chapter XIII and the amounts paid in by the debtor to the

Trustee to be available for distribution under the plan.

Reference is made to certain legislative history of Section 57, sub. n, when the House Report at the 82d Congress made the statement that Section 57, sub. n, is "generally inapplicable" in proceedings under Chapter XIII. No good reasons were given to support that statement, and the proposed amendment to Chapter XIII at that session had reference to a proposed change in the law which is not pertinent here. And the term "generally inapplicable" is of scant helpfulness in determining the basis for the view of those who framed this part of the report.

Although the Court is of the opinion that the operation of Section 602 of the Bankruptcy Act (11 U.S.C.A. § 1002) correlating the straight bankruptcy proceedings of Chapters 1 to 7, inclusive, to the wage earner plan proceedings seems to be the determining factor in deciding the question here presented, there are in addition practical reasons why each creditor, at least within some reasonable period, should be required to file and prove his claim as a condition precedent to his participation in the plan. Any other procedure would tend to defeat the orderly administration of a wage earner plan. It is common knowledge that in many instances debtors depend upon the creditors' records for an accurate account of the transactions between them. Claims listed by a debtor in his schedules may unwittingly include debts that are outlawed, that are usurious, or otherwise vulnerable to an absolute defense. Carelessly kept records of the debtor may neglect to reflect credits due on a particular account. It would not be fair and equitable to the other creditors to have the payment of their claims unduly deferred in a wage earner proceeding primarily because the debtor has included creditors who have

no standing in a Bankruptcy Court. Frequently negotiable instruments and accounts receivable are discounted unbeknown to the debtor and he is not informed as to whom his creditors may be with respect to such transactions. Questions of interest on claims, penalties which are included in claims, or the correct amounts due on unliquidated claims can only be finally determined in a due and orderly procedure which requires a creditor to file and prove his claim. No undue hardship is invoked on a creditor requiring him to file and prove his claim in a wage earner proceeding. Scheduled and unscheduled creditors would be treated alike in this regard, and thereby the Trustee who distributes the fund would have before him claims that have been proven and allowed with the resulting verity that is attached to claims under such circumstances. Nuisance and trivial claims will be largely eliminated by the requirement that each creditor file and prove his claim.

And it may not be amiss in passing to note that the Judicial Conference of the United States at its March 1959 meeting recommended that a bill be introduced in Congress to limit the time within which claims may be filed in Chapter XIII proceedings by specifically making Section 57, sub. n, of the Bankruptcy Act relating to the filing of claims applicable to such proceedings. Such a measure was introduced in the House as H.R. 7233 on May 19, 1959. On June 26, 1959, the House Judiciary Committee reported the bill as amended to the House. The bill is reported to have passed the House on July 6, 1959.

It follows from the foregoing that the Referees' order as challenged must be modified to be consistent with the views expressed herein. An appropriate order to effect the Court's modification may be presented.