In re ADAMSON.

No. 299.

Circuit Court of Appeals, Second Circuit.

April 6, 1936.

Hall, Cunningham, Jackson & Haywood, of New York City (John H. Jackson, of New York City, of counsel), for appellant.

George Thoms, of New York City, for appellee Percy Adamson.

Robert P. Levis, of New York City, for appellee Thomas Adamson.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

On October 24, 1934, appellant filed a petition for composition under section 74 of the Bankruptcy Act, as amended in 1934 (11 U.S.C.A. § 202). In the accompanying schedules, he detailed, among others, a debt to the American Seating Company on a note for $100,000 and a debt to his brother Percy for $40,000. The debtor had an action against Percy for an accounting pending in the New York Supreme Court, continued by order of the bankruptcy court. At a meeting on January 31, 1935, he made an offer of composition which provided for a cash payment of 20 per cent. or a larger percentage contingent on the success of his state court suit. So far as appears, this offer was never accepted; at any rate, the referee, at a meeting on April 8th, stated that no offer was pending, and directed that another be made within a time set and that "claims were to be taken as listed in the schedule, and as filed, in the face amount, until liquidated." In the meantime, the debtor's scheduled note to the American Seating Company, on which appellant had admitted a liability of $90,000, had been assigned to his brother Thomas in consideration of notes for $40,000. The stock held as collateral to secure the note was transferred with it and has been sold, leaving a liquidated balance. Appellant claimed his brother Percy was the real purchaser, and, as asserted in his state suit, that Percy was indebted to him in a sum sufficient to offset this indebtedness as well as Percy's claim for $40,000. At the April 8th meeting, the debtor was unsuccessful in attempting to have Thomas waive his rights to a deposit on his claim.

The debtor's second offer was made April 29, 1935, more than six months after the debtor's petition was filed. This offer made no provision for a deposit for the claim of his brothers Percy and Thomas because, as appellant contended then and now, they are not entitled to participate in his offer, since they had filed no proof of claim within six months of the date his petition was filed, and therefore their claims are barred. Percy says, in answer, that he was included in the schedules, and Thomas says his claim was included in the name of his assignor, American Seating Company. Thomas further maintains that at the meeting of creditors of April 8 his claim as assignee was fully stated on the record, after his purchase, and he now moves to amend his proof of claim. Appellees also maintain it is not necessary under section 74 of the Bankruptcy Act to file a proof of claim within six months after the filing of the petition. Section 74 (m), 11 U.S.C.A. § 202 (m) provides in part: "The rights and liabilities of creditors, and of all persons with respect to the property of the debtor and the jurisdiction of appellate courts shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was filed and any decree of adjudication thereafter entered shall have the same effect as if it had been entered on that day."

Section 57n, as amended in 1926 (11 U.S.C.A. § 93 (n) reads: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication."

The appellant argues that, by virtue of subdivision (m) of section 74, the six months' limitation referred to in section 57n of the act is applicable, the six months for proving running from the date of the filing of the petition, and that claims not proved within that period are not entitled to share in the offer of composition.

The purpose of subdivision (m) as seen from a consideration of its entire text, is to subject the debtor and his property to the exclusive jurisdiction of the court and to have title vested in any subsequently appointed trustee, as of the date of the filing of the petition or answer. Cf. In re Hotel Martin Co. of Utica (C.C.A.) 83 F.(2d) 231, decided this day. The proceedings are in rem, and all persons interested in the res become affected by them at their institution. The court is authorized to stay an execution or the prosecution of a claim to inquire into matters affecting the property, such as concealment, preference, transfers, pledges and claims for or against it, and to give directions in respect thereto in the event that the proceedings result in an adjudication of bankruptcy, but the status quo is preserved. Nothing in that section, however, requires the court to follow the provisions of the prior chapters of the Bankruptcy Act in respect to procedure. The sole purpose seems to be to enable the court to deal with the situation with respect to the property of the debtor as of the date

of the filing of the petition, or, if the occasion for such action should arise, to preserve the creditors' rights in the property of the debtor from that time. Nassau Smelting & Refining Works, Ltd., v. Brightwood Bronze Foundry Co., 265 U.S. 269, 44 S.Ct. 506, 68 L.Ed. 1013, holding that a composition duly offered shortly after adjudication, must provide for the creditors listed in the schedules, and the debtor cannot subsequently exclude creditors who have failed to prove their claims within the statutory period, says that, where the composition offer is not made until the time limit has expired, the question may be different. However, under section 12a, as amended in 1910 (11 U.S.C.A. § 30 (a) providing for a composition without adjudication in bankruptcy, there is no limitation within which claims must be made to come within an offer of composition. There is no adjudication in bankruptcy where a composition is carried on under the provisions of section 74 except upon failure as in section 74 (l), see 11 U.S.C.A. § 202 (l), and the situation is similar to an offer before adjudication under section 12a. The section, in the absence of any provision in respect to time, would seem to contemplate that the filing of proofs of claim was permitted by all creditors whose claims are listed in the schedules, and they are entitled to share in the benefits of any composition offer or to be heard in respect thereof until barred by an order of the court made upon reasonable notice in the exercise of its general equity jurisdiction. The claims of appellees were found in the schedules of the appellant, and are to be considered as obligations which must be included in any composition or extension.

Order affirmed.