### In re UNIVERSITY DRUG CO.
### No. 26175-S.

District Court, N. D. California, S. D.
Sept. 23, 1936.

C. Huntington Jacobs, of San Francisco, Cal., for claimants.

Grant H. Wren and Arthur Shapro, both of San Francisco, Cal., for trustee.

ST. SURE, District Judge.

Petition for review of an order made by the referee in bankruptcy on May 22, 1936, denying trustee's motion to strike and expunge certain claims from the files upon the ground that none of the proofs of claim was filed within the time specified by sections 57n and 74(m) of the Bankruptcy Act, as amended (11 U.S.C.A. §§ 93(n), 202(m).

The debtor copartnership filed a petition under section 74, as amended (11 U.S.C.A. § 202) for composition or extension, which petition was approved by the court on April 20, 1935, and an order of reference made to the referee for further proceedings. On August 9, 1935, the debtor, through its attorney, consented to an adjudication as a bankrupt, due to its failure to offer terms of composition or extension and have the same confirmed, and on said date an order of adjudication was made by the Referee and a trustee appointed. Thereafter the trustee moved to strike and expunge certain claims upon the ground that they were not filed within the time specified by section 57n and section 74(m) of the Bankruptcy Act. On May 22, 1936, the referee made an order denying the trustee's motion "on the theory that said claims were filed within the time allowed by law, as they were filed within six months after adjudication."

The question presented for decision is whether, in a case under section 74(m) and section 57n of the Bankruptcy Act, the time within which the creditors shall prove their claims runs from the date of the filing of the original petition or from the date of adjudication.

Section 74(m) provides, in part: "In proceedings under this section, except as otherwise provided therein, the jurisdiction and powers of the court, the title, powers, and duties of its officers and, subject to the approval of the court, their fees, the duties of the debtor, and the rights and liabilities of creditors, and of all persons with respect to the property of the debtor and the jurisdiction of appellate courts shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was filed and any decree of adjudication thereafter entered shall have the same effect as if it had been entered on that day."

Under the law as above quoted, when the order of adjudication was made the creditors had the same rights that they would have had if the debtor had originally sought an adjudication in voluntary bankruptcy.

The time for filing claims is fixed by section 57n, which provides in part:

"Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication."

As section 74(m) fixes the date of the filing of debtor's petition, to wit, April 20, 1935, as the true date of adjudication, all claims proved more than six months after that date cannot be considered.

The court's attention is called to In re Adamson (C.C.A.2) 83 F.(2d) 211, as supporting the referee's ruling, but an examination of the opinion shows that the facts are different and the case is not in point.

The referee's order of May 22, 1936, is reversed, and the trustee's motion to strike and expunge certain claims from the files is granted.