## CORDEN CORPORATION et al. v. WILLIAMS.

### No. 8418.

Circuit Court of Appeals, Ninth Circuit.

Dec. 29, 1937.

---

Torregano & Stark, of San Francisco, Cal. (M. C. Symonds, of San Francisco, Cal., of counsel), for appellants.

Grant H. Wren and Arthur P. Shapro, both of San Francisco, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal by two creditors of the bankrupt partnership, University Drug Company, of which Ralph E. Williams is trustee, from an order of the District Court disallowing their claims because they were not filed within the time allowed by law.

The University Drug Company, a partnership, filed a petition on April 20, 1935, for composition and extension, alleging it was unable to meet its debts as they matured. The petition was filed under section 74, Bankr.Act, as amended, 11 U.S. C.A. § 202, and note, providing for the relief of noncorporate debtors.

The petition was approved as properly filed, and referred to a referee. Notice was sent by the referee to the creditors, inclosing the schedules filed by the petitioner. The notice advised the creditors of the first meeting to effect a composition, and advised them that claims must be prepared in the form required by the Bankruptcy Act. There was no specification in the notice as to when claims should be filed.

Efforts to effect a composition were a failure, and hence, as section 74(l), as amended, 11 U.S.C.A. § 202(l), requires, on August 9, 1935, the debtor was adjudicated bankrupt. Within six months of this adjudication the appellants filed claims against the bankrupt, the Corden Corporation filing two claims aggregating some $17,000, and J. S. Caramella filing one in the sum of $423.70.

The trustee refused to allow these claims on the ground that they were too late; that although they were filed within six months after the adjudication, they were filed more than six months after the filing of the original petition for a composition and extension. The referee ruled adversely to the trustee, but the District Court overruled the referee and held that the claims were not seasonably filed. The court's decision is based upon sections 57 (n) and 74(m) of the Bankruptcy Act.

Section 57(n), as amended, 11 U.S.C.A. § 93(n) states:

"Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication."

Section 74(m), as amended, 11 U.S.C. A. § 202(m), provides:

"In proceedings under this section, except as otherwise provided therein, the jurisdiction and powers of the court, the title, powers, and duties of its officers and, subject to the approval of the court, their fees, the duties of the debtor, and the rights and liabilities of creditors, and of all persons with respect to the property of the debtor and the jurisdiction of appellate courts shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was filed and any decree of adjudication thereafter entered shall have the same effect as if it had been entered on that day."

There is no provision of section 74 which expressly governs the time for filing claims in the composition proceedings.

The appellee's theory is (1) that the filing of a petition for composition is made by this section the equivalent of an adjudication; that therefore section 57(n), allowing six months after adjudication to file claims, applies, and that claims must be filed within six months of the petition; (2) and that, an adjudication having been entered in this case, the statute provides that it relates back to the date of filing the original petition—hence, regardless of when the creditors, in the absence of adjudication, should have filed their claims, once an order of adjudication has been entered, it is incumbent upon them to have filed their claims within six months of the original petition.

We think it clear that the time of filing claims prescribed in section 57(n), as amended, has no reference to section 74(m), as amended. The obvious purpose of section 74(m) is to safeguard the jurisdiction of the court and preserve the substantive rights of creditors from the time of filing the petition, as completely as they are safeguarded in ordinary bankruptcy proceedings from the moment of the adjudication.

The purposes of composition are entirely different from those of adjudication and liquidation of the estate. Composition seeks to keep intact the estate which is in difficulties. Its procedure is necessarily informal and the length of time required to effect this purpose varies with the circumstances of each case. In ordinary bankruptcy proceedings, the law contemplates that the estate be liquidated as speedily as possible and to this end it is necessary that creditors assert their claims promptly or be denied participation in the assets.

By its very terms, section 57(n) cannot apply to composition proceedings proper, inasmuch as where there is no adjudication there cannot be a bankrupt estate against which to file claims. Nassau Works v. Brightwood Co., 265 U.S. 269, 273, 44 S.Ct. 506, 507, 68 L.Ed. 1013; In re Passow & Sons, 7 Cir., 300 F. 544, 549.

The case before us is squarely within the holding of In re Adamson, 2 Cir., 83 F.2d 211, 212, certiorari denied Adamson v. Adamson, 299 U.S. 554, 57 S.Ct. 16, 81 L.Ed. 408. In that case there was a petition for composition under section 74 and an offer to creditors which was rejected. More than six months after filing his original petition the debtor made a second offer to creditors. This offer made no provision for certain claims on the ground that they had not been filed within six months of the original petition. The court held that the statute did not require proofs within six months, saying, 83 F.2d 211, 212:

"The purpose of subdivision (m) as seen from a consideration of its entire text, is to subject the debtor and his property to the exclusive jurisdiction of the court and to have title vested in any subsequently appointed trustee, as of the date of the filing of the petition or answer. * * * The proceedings are in rem, and all persons interested in the res become affected by them at their institution. The court is authorized to stay an execution or the prosecution of a claim to inquire into matters affecting the property, such as concealment, preference, transfers, pledges and claims for or against it, and to give directions in respect thereto in the event that the proceedings result in an adjudication of bankruptcy, but the status quo is preserved. Nothing in that section, however, requires the court to follow the provisions of the prior chapters of the Bankruptcy Act in respect to procedure. The sole purpose seems to be to enable the court to deal with the situation with respect to the property of the debtor as of the date of the filing of the petition, or, if the occasion for such action should arise, to preserve the creditors' rights in the property of the debtor from that time."

The appellee, conceding for purpose of argument that ordinarily claims in a proceeding under section 74 need not be filed within six months, seeks to distinguish the situation at hand by pointing out that in this case there was an actual adjudication, and that such adjudication related back to the date of the original petition, thus invalidating claims not filed within the first six months.

We cannot so construe the statute. Such a construction would lead to the absurdity that claims filed later than six months following the petition for composition would be timely unless subsequently the petitioner was adjudicated bankrupt. Upon such subsequent adjudication they would be retroactively invalidated. We do not believe that section 74 was intended to

provide an opportunity whereby debtors might discharge all their debts and retain all their assets by the application of a clever time economy to the composition and subsequent adjudication proceedings outlined in the statute.

The appellants' claims in this case were filed within six months of the adjudication, hence were seasonably asserted.

The decision is reversed for further proceedings consistent with the opinion herein.

Reversed.