In the Matter of Joe E. OLIVER, Debtor.

No. 1748-B-4.

United States District Court, D. Kansas.

Feb. 3, 1955.

Lee E. Weeks, of Stanley, Stanley, Schroeder, Weeks & Thomas, Kansas City, Kan., and Edward A. Smith and Howard L. Swartzman, Kansas City, Mo., for petitioner.

Claude L. Rice, Kansas City, Kan., trustee.

James J. Lysaught, Kansas City, Kan., for debtor.

MELLOTT, Chief Judge.

Consideration has now been given to a petition for review of an order of the referee in bankruptcy and to the briefs and arguments in support of and in opposition thereto. It is contended in the petition for review that the referee erred in denying a reclamation petition filed by the City National Bank and Trust Company, in which it is alleged that the bank has a valid and subsisting mortgage on the property of the debtor, consisting of one Zenith television set, notwithstanding the fact it had not been filed for record as provided by the laws of Kansas. The reclamation petition asked that the property be delivered to the bank or that its claim be allowed as a secured claim.

The petition for review assails the referee's decision as being contrary to law in concluding: (1) that the holder of an unrecorded chattel mortgage in a wage earner proceeding is an unsecured creditor as against the debtor and trustee; (2) that the holder of an unrecorded chattel mortgage in a wage earner proceeding is not entitled to repossession of the mortgaged property from the debtor and the trustee; (3) that Section 70, subs. a, and c, Title 11 U.S.C.A. § 110, subs. a and c, which vests title to the property of a bankrupt in a trustee,

applies to a wage earner proceeding; (4) that the powers and duties of a trustee in a wage earner proceeding are coextensive with the powers and duties of a trustee in a proceeding under a different chapter, Chapter XI, 11 U.S.C.A. § 701 et seq., which pertains to arrangements; (5) that Section 633, Title 11 U.S.C.A. § 1033, is an extension rather than a limitation upon the rights and duties of a trustee in a wage earner proceeding; and (6) that Section 669(1), Title 11 U.S.C.A. § 1069(1), does not indicate the title to a debtor's property is not vested in a trustee in a wage earner proceeding.

The memorandum opinion of the referee accords with the view entertained by this court; and, inasmuch as the issue is of considerable importance in districts where the filing of petitions under Chapter XIII, 11 U.S.C.A. § 1001 et seq., is prevalent, the court now quotes the major portion of the referee's opinion:

"The parties have agreed that the petition states substantially the facts and that the mortgage is in proper form and duly executed but has not been filed for record in the office of the Register of Deeds of Wyandotte County as provided by the laws of the State of Kansas. The petitioner has filed an extended brief in which it argues two questions:

"(1) The petitioner is a secured creditor because its unrecorded chattel mortgage is a valid lien against both the debtor and the trustee.

"(2) Confirmation by a court of the Plan did not preclude the petitioner as a secured creditor from enforcing on property of the debtor so long as it has not accepted the Plan.

"The debtor filed his petition under Chapter XIII of the Bankruptcy Act August 12, 1954, in which he waived all personal property exemptions. The first meeting of the creditors was held September 16, 1954, and on the same date, on the motion of the debtor, the Plan was confirmed by the court. The Plan pro-

vides that the debtor will pay to the trustee $25.00 each week and the trustee shall make distribution of the funds so received by paying first, the filing fee, second, the fees and costs required by provision of Section 659 of the Act [11 U.S.C.A. § 1059], and third, the creditors. The secured creditors shall have priority over unsecured creditors and shall be dealt with severally. Claude L. Rice is the duly appointed and qualified trustee.

"The answer to the questions presented must be found in the Bankruptcy Act.

"Bankruptcy law, as originally understood, had to do with the liquidation of insolvent estates and distribution of the proceeds among the creditors. The Bankruptcy Act adopted in 1898 dealt only with the liquidation of insolvent estates and their distribution. The law, however, has been amended and revised and as it developed Congress conceived the idea that provision could be made under the Constitution for the rehabilitation of debtors who were insolvent or unable to pay their debts as they matured. This brought about the adoption of what is sometimes referred to as the Rehabilitation Chapters of the Bankruptcy Act. The chapters most generally used are Chapter X providing for corporate reorganization, Chapter XI dealing with arrangements, and Chapter XIII the wage earner plan. These chapters open the door of the Bankruptcy Court to persons and business institutions to rehabilitate themselves under the direction and supervision of the court, excepting therefrom insurance companies, banks and building and loan associations. It seems to have been the purpose of the Congress to extend to the wage earner, the employee, the rights and privileges that are extended to his employer.

"Since the original Bankruptcy Act dealt with liquidation, it de-fined the jurisdiction of the court, the duty and responsibility of the officers and procedure to be followed. It will be noted that the second section of each chapter adopted the provisions of Chapters I to VII, which are the liquidation procedure of the Act, insofar as they are applicable to the provisions of the particular chapter.

"It will be noted that Section 602 of the Act [11 U.S.C.A. § 1002], being the second section of Chapter XIII, provides that the provisions of the first seven chapters are applicable to the proceedings under this Act, excepting therefrom only sub-section (f) of Section 70, which has no application here.

"The court is given exclusive jurisdiction of the debtor and his property wherever located and of his earnings and wages during the period of the consummation of the Plan. (Sec. 611 [11 U.S.C.A. § 1011].) When not inconsistent with the provisions of Chapter XIII, the powers and duties of the officers of the court and the rights, privileges and duties of the debtor shall be the same as if a voluntary petition and adjudication in bankruptcy had been filed and a decree of adjudication had been entered at the time the petition under the chapter was filed. (Sec. 636 [11 U.S.C.A. § 1036].) Where not inconsistent with the provisions of this chapter, the rights, duties and liabilities of creditors and of all persons with respect to the property of the debtor, shall be the same as if voluntary petition for adjudication had been entered at the time the petition under this chapter was filed. (Sec. 641 [11 U.S.C.A. § 1041].) In order to determine the position of the trustee and the debtor, it is necessary to examine the provisions of the first seven chapters.

"Under the Bankruptcy Act the trustee is vested by operation of law with the title to all the property of the bankrupt as of the date of bank-

ruptcy, (Sec. 70a) and is likewise vested with a lien on such property. (Sec. 70c.) All transfers made by the debtor of his property which, under any federal or state law applicable thereto, is voidable by any creditor, shall be null and void as against the trustee. (Sec. 70e.)

"The statute vests the trustee with every right which is conferred by the laws of the state upon a creditor holding a lien by a legal or equitable proceeding which includes an attaching creditor. (Myers v. Matley, 318 U.S. 622 [63 S.Ct. 780, 87 L.Ed. 1043]; Vincent v. Tafeen, 1 Cir., 40 F.2d 823; Sampsell v. Straub [9 Cir.], 194 F.2d 228; In re Lustron Corp. [7 Cir.], 184 F.2d 789)..

"Under the law of Kansas (G.S.1949, 58–301), a chattel mortgage which is not filed for record is void and of no effect as against attaching creditors. (Geiser [Mfg. Co.] v. Murray, 84 Kan. 450 [114 P. 1046]; Youngberg v. Walsh, 72 Kan. 220 [83 P. 972].) If the trustee in a Chapter XIII case has the rights of a liquidating trustee, the mortgage is void.

"This narrows the question, as suggested by the petitioner's brief, to determine whether or not Section 70a and c of the Act are consistent with the provisions of Chapter XIII.

"Chapter XIII, so far as our investigation leads, has not been construed by any of the circuit courts. It will be noted, however, that Chapter XIII follows Chapter XI, and in many instances the statutes in the two chapters are identical. Section 611, which defines the jurisdiction of the court, is identical with Section 311 [11 U.S.C.A. § 711] with this exception, 'and of his earnings and wages during the period of consummation of the plan'. This clause is added to give the court exclusive jurisdiction, not only of the property of the debtor but also his future earnings. Section 636, which defines the duties and powers of officers of the court, is identical with Section 341 [11 U.S.C.A. § 741], Chapter XI, and Section 641 of Chapter XIII, which defines the rights, duties and liabilities of creditors, is the same as Section 352 of Chapter XI [11 U.S.C.A. § 752]. It is, therefore, proper to examine what the courts have said in construing Chapter XI.

"In the case of Lockhart v. Garden City Bank & Trust Co. [2 Cir.], 116 F.2d 658, which was a Chapter XI case and afterwards the debtor was adjudged a bankrupt, the court was confronted with a situation where the mortgage was validly recorded at the institution of the arrangement proceedings, but was not at the time of the adjudication of the debtor. The court held the time when the arrangement proceeding was instituted controlled and that Section 70c of the Bankruptcy Act applied to the arrangement proceeding. In the opinion the court said:

" 'It is settled, both in ordinary bankruptcy (Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405; Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645) and in corporate reorganization proceedings under old Section 77B, 11 U.S.C.A. § 207 (In re Martin Custom Made Tires Corp., 2 Cir., 108 F.2d 172), that property in the actual or constructive possession of the bankrupt when the petition is filed vests in the trustee and becomes subject to the exclusive jurisdiction of the bankruptcy court. Except where inconsistent with other provisions of Chapter XI, all provisions of Chapters I to VII, 11 U.S.C.A. §§ 1–112, are applicable to an arrangement proceeding (Bankruptcy Act, § 302), the debtor in possession has the powers of a trustee (§ 342), and the court in which the petition for an arrangement is filed has "ex-

clusive jurisdiction of the debtor and his property, wherever located." § 311.' [116 F.2d at] p[age] 660.

" 'This conclusion does not determine the controversy, however, unless the mortgagee's lien, valid at the time the Chapter XI proceeding was begun, was lost thereafter. But under the statute the rights of all claimants to this property are the same—where not inconsistent with other provisions of the chapter—as if a petition in bankruptcy had been brought and adjudication rendered on October 27, 1939, when the petition for an arrangement was filed (§ 352) * * *' [116 F.2d at] p[age] 661.

"This case is supported by the earlier cases of In re Adamson [2 Cir.], 83 F.2d 211, and Corden Corporation v. Williams [9 Cir.], 93 F.2d 758, which were written before the last revision. It follows, therefore, that unless there is something in Chapter XIII that limits the jurisdiction of the court, the rights of the trustee or extends the privileges of the creditors, the cases cited are authority for holding that the mortgage, unless filed as provided by state law, is invalid as against the trustee.

"It is argued by counsel that Section 633 of Chapter XIII is a limitation on the rights and duties of the trustee which are conferred by Section 636. Our study of the Bankruptcy Act leads us to the conclusion that since Section 611 gives the court exclusive jurisdiction over the earnings and wages of the debtor, it was necessary that the trustee be given authority to collect the funds and make distribution thereof under the order of the court, and that Section 633 relating to the duties of the trustee is an extension and not a limitation.

"It is further argued that because of the provision of Section 669(1), upon an adjudication in bankruptcy, the title to the property shall be vested in the trustee, the inference may be drawn that the trustee appointed under Chapter XIII does not have such title. Attention is called to Section 381 of Chapter XI [11 U.S.C.A. § 781], which has the identical language. We cannot agree that this section points toward a limitation on the trustee under Chapter XIII.

"The court concludes that it was the intent of Congress that the court should have exclusive jurisdiction of the property of the debtor as well as his wages in a Chapter XIII case, and that creditors are given the same rights, duties and liabilities of creditors in a liquidating case. If, therefore, their liens are not properly established under the laws of the state in which they are created, they are invalid as against the trustee and cannot be allowed as secured creditors. Unless the court may control the property of the debtor in a Chapter XIII case and protect it against secret liens the plan, in most cases, could not be effectuated. The petition is denied."

Order is this date being entered, affirming denial by the referee of the reclamation petition.