583 F.2d 1143
 The DIETRICH CORPORATION et al.
v.
KING RESOURCES COMPANY et al.
Charles A. BAER, Trustee of King Resources Company and
International Resources Limited, Appellant,
v.
Chester A. BAIRD, Appellee.
 No. 77-1142.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Aug. 10, 1978.
Decided Sept. 11, 1978.
 
 Stephen Klein, Denver, Colo. (John S. Pfeiffer, Denver, Colo., on brief), for appellant.
 Arthur L. Fine, Denver, Colo., for appellee.
 Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.
 BARRETT, Circuit Judge.
 
 
 1
 This appeal involves a challenge by Charles A. Baer, Trustee of King Resources Company (Baer) to an order of the District Court allowing a claim filed by appellee Charles A. Baird, as Trustee of the King Resources Company Employee Profit Sharing Retirement Plan (Baird). The claim was filed December 15, 1975, the final day for filing of proofs of claim for participation in a Modified Settlement Agreement, which was "literally 'hammered out' over a period in excess of two years (involving the King Resources Company Chapter X Bankruptcy Reorganization proceedings) by some forty (40) distinct representative groups or parties holding sharp, antagonistic and conflicting interests." American Employers Insurance Co. v. King Resources Co., 556 F.2d 471, 477-478 (10th Cir. 1977).
 
 
 2
 The proposed settlement involved thousands of persons within the distinct groups. The scope of the King Resources Company (KRC) reorganization proceeding is, we believe, well described in Section 203 of the Settlement Agreement, which reads:
 
 
 3
 KRC is in corporate reorganization pursuant to Chapter X of the Bankruptcy Act. Shareholders have filed class claims and individuals have filed claims against the estate for damages. Officers and directors have filed contingent claims against the estate asserting that King Resources by reason of the indemnification provisions of the By-Laws is responsible not only for any eventual liability but also for their costs in defending the actions . . . . (R., Vol. III, p. 59.)
 
 
 4
 These three consolidated actions were transferred to the United States District Court for the District of Colorado by the Judicial Panel on Multi-District Litigation. The cases are identified as Dietrich, Gross and Morell. Each involves class claims of investors in the common stock and debentures of KRC. The claims allege that KRC, its officers and directors acted in concert to disseminate a stream of misleading information for the purpose of artificially inflating the price of KRC stock and debentures. The plaintiffs alleged that these acts and/or omissions involved false and incomplete information concerning KRC in various prospectuses, financial statements and other communications, in violation of provisions of the Securities Act of 1933, the Securities and Exchange Act of 1934 and various common law duties.
 
 
 5
 Appellee Baird, as trustee aforesaid, filed a suit in 1971 in the state District Court in Denver, Colorado, against KRC and various administrators or trustees of the profit sharing plan who were also officers and/or directors of KRC. That action involves claims on behalf of some 400 former employees of KRC based upon alleged illegal acts of the trustees of the Plan and KRC, charging that the funds contributed to the Plan were improperly invested in stock of KRC and virtually totally lost, resulting in damages. The employees' action paralleled the Dietrich, Gross and Morell actions, insofar as it alleged that the price paid by the trustees for KRC stock was greatly inflated by reason of alleged false statements and concealments involving breach of fiduciary duties and violations of the Securities Act of 1933, the Colorado Securities Act and the Investment Company Act of 1940.
 
 
 6
 Soon after the petition for reorganization of KRC was filed on August 21, 1971, the Bankruptcy Court stayed all proceedings in actions pending against KRC, its officers and directors, including the Baird state court proceeding.
 
 
 7
 On July 27, 1975, the District Court, sitting as Bankruptcy Court in Chapter X Reorganization proceedings of KRC, determined that there was probable cause to believe that the Modified Settlement Agreement was fair, adequate and reasonable. It directed that all parties be notified of a hearing to determine whether the agreement should be finalized as fair, adequate and reasonable. On July 30, 1975, the Court ordered that notice be given by mail to each member of the various classes, said Notice to be published in the Wall Street Journal, The Denver Post and the Rocky Mountain News advising of a hearing to be held before the Court on November 20, 1975, to show cause why the " . . . proposed Settlement Agreement and the Plan for Distribution of the Class Settlement Fund should not be finally approved by the Court . . . ." (R., Vol. IV, p. 211.) The Court certified the consolidated cases (Dietrich, Gross and Morell ) as a class action, noting that the "basic thrust" of the actions was that of "conspiracy to defraud." (R., Vol. III, p. 79.) The settlement agreement did not name or refer to the Baird class involved in the state court action. This is so simply because Baird had not elected to intervene or appear therein, notwithstanding his obvious knowledge of the fact that, "By June of 1973, various parties to the American (American Employers Insurance Company) rescission action, as well as parties to many related and complex lawsuits, i. e., the securities fraud class action suits and actions involving the Chapter X Reorganization proceedings, commenced private settlement negotiations. The untold time, expense and efforts of the great number of parties proved fruitful, evidenced by a settlement agreement arrived at on June 18, 1975." American Employers Insurance Co. v. King Resources Co., supra, at 474.
 
 
 8
 Baird would have us distinguish his claim, and thus affirm the trial court's judgment, predicated on his contention that the employees' claim was " in common" with the investing public Only to a limited extent. (Brief of Appellee, p. 9.) Even though Baird acknowledges that the thrust of his state court action complaint is that of fraudulent activities of KRC and its officers and directors, giving rise to claims on behalf of the Plan and its beneficiaries (Brief of Appellee, p. 9.), he chooses to term those claims as " peculiar to the employee members of the Plan" and as "unrelated claims," seeking damages for the total loss resulting from breach of fiduciary duty. (Brief of Appellee, p. 9.) We are not impressed with Baird's effort to distinguish his claim from that of the Dietrich, et al., classes. The fraudulent activities charged against KRC and its officers and directors by Baird in the state court action are substantially anchored to the same contentions of fraud including common law fraud alleged in the Dietrich, Gross and Morell actions. Thus, we hold that Baird's contention that the class claim of the employee members of the KRC Profit Sharing Retirement Plan was not included in the settlement agreement is without merit.
 
 
 9
 Baird places emphasis upon the fact that even though Notice of the Proposed Settlement Agreement was sent to and received by him, as Trustee, it related only to a settlement of the Dietrich, Gross, Morell and American Employers' cases. (Appellees' Brief, p. 7.) Baird contends that he " . . . was not a party in any of the federal actions, . . . had not participated in the settlement negotiations . . . represented a class and claims unrelated to the Dietrich claim, (and) took no action to exclude himself from the settlement." (Brief of Appellee, p. 7.) Baird waited until the final day for filing of claims to come within the settlement agreement. Failing to do so, a claimant would automatically opt out. The Baird claim contained the following controversial statement:
 
 CONTINGENT CLAIM
 
 10
 This contingent claim is being submitted solely to protect the rights of Chester A. Baird and the class whom he represents in Civil Action No. C-22185 in the District Court for the City and County of Denver, Colorado, in the event that a court at a later date should conclude that the rights of Chester A. Baird and the class were determined in the above-captioned matter and the "Securities Cases." The claim has been submitted directly against King Resources Company.
 
 
 11
 It is the position of Chester A. Baird that his claim and that of the class are separate and apart from the claims in the "Securities Cases."
 
 Baird left blank the recitation that:
 
 12
 "The undersigned ______, is a member of the provisional classes in the Securities Cases as defined in the Important Notice of Proposed Settlement."
 
 
 13
 Baird did not execute the Release portion of the form. This failure was challenged and on June 10, 1976, the Court held a hearing thereon. Following the hearing, the Court approved the Baird claim based upon the language and terms of an Amended Release executed by Baird reading:
 
 
 14
 (I) Conditioned upon the proposed settlement becoming effective, the undersigned hereby releases and discharges all defendants in the Securities Cases, KRC in the Reorganization Proceedings or otherwise, the KRC Trustee, American Employers' Insurance Co., Inc. and its reinsurers, Lloyds, London, and anyone else whomsoever of any and all claims alleged or which could have been alleged in the Securities Cases as well as all claims the undersigned may have as purchaser of King Resources Company shares or 5 1/2% Convertible Subordinated Debentures due 1988 arising out of any act or omission relating to King Resources Company or its subsidiaries, the business, management or financial statements of any of said companies, or information of any kind whatsoever furnished by anyone concerning any of said companies; (II) provided, however, that this Release shall not preclude any claim asserted in Civil Action C-22185 filed in the District Court in and for the City and County of Denver, State of Colorado captioned Chester A. Baird, individually and as representative of all members and former members of the King Resources Profit Sharing Retirement Plan, Plaintiff vs. Bennett King, (et al.), or In the Matter of King Resources Company, Debtor, No. 71-B-2921 in this Court, which claim is peculiar to beneficiaries of the King Resources Company (KRC) Employee Profit Sharing Retirement Plan, (III) and not a claim which could be properly asserted by KRC Security Holder Class members generally. These reserved claims shall continue in existence and shall be diminished only by the fair value of stock or other consideration received as a claimant in the Class Settlement Fund.
 
 
 15
 The District Court rejected arguments advanced by Baer that the above-captioned Amended Release does not conform to the requirements of Section 3.01(c) of the Settlement Agreement and that, accordingly, the approval of the Baird claim jeopardizes the entire settlement. The District Court reasoned that the executed Amended Release by Baird effectively "conforms" to the provisions of Section 3.01(c) which requires that claimants release defendants who participated in the Settlement Agreement "from any and all claims . . . which could have been alleged in the KRC Securities Litigation" which the Court identified as the three Dietrich cases. The Court concluded that the Baird release accomplished the protection sought by the settling defendants that they be released from all claims which "could have been alleged in the KRC Securities Litigation," because the executed release contains a proviso that the state court action filed by Baird is only viable to the extent that it presents claims "which could not be properly asserted by KRC Security Holder Class Members generally."
 
 
 16
 On appeal, Baer contends that the District Court erred in (1) allowing the absent class member, appellee Baird, to execute an Amended Release in violation of the Settlement Agreement, particularly in that Baird is thus permitted to recover more than any other member of the class on his class claim, (2) entering its Order 1976-6 and the Judgment thereon in that it thus prescribes its own Res judicata effect in violation of Rule 23 of the Fed.R.Civ.Proc. and is in excess of the powers of the District Court, and (3) by entering Order 1976-6 and the Judgment thereon, without notice and opportunity for hearing to all of the settling parties in violation of the right of the parties to the Modified Settlement Agreement.
 
 I.
 
 17
 Baer contends that the trial court erred in allowing the absent class member, appellee Baird, to execute the aforesaid Amended Release affixed to his class claim under the Modified Settlement Agreement, particularly in that Baird is thus permitted to recover more than any other member of the class on his class claim.
 
 
 18
 The June 18, 1975, Settlement Agreement was effectuated by all of the parties except John M. King. It provided for the surrender of the damages sought in litigation by the class claimants in return for newly-issued stock of the company through the Reorganization Trustee and the infusion of substantial operating capital resulting from the settlement contribution of the settling defendants who were, in consideration, relieved of further liability and the defense of a multiplicity of lawsuits.
 
 
 19
 The Notice of the Settlement Agreement was mailed to all ascertainable members of the class identified therein, including Baird, informing them of their right to enter an appearance at hearings set and there to object, if they so desired, to the adequacy of representation by the then named plaintiffs, seek modification of the Settlement Agreement or opt for exclusion from the class. (R., Vol. IV, pp. 304, 361.) Trustee Baird received the Proof of Claim forms prepared and mailed to all of the prospective class members in accordance with the terms of the Settlement Agreement. (R., Vol. IV, p. 367.)
 
 
 20
 After Baird's initial claim, entitled "Contingent Claim," filed on the final day provided for under the Notice, was rejected by Trustee Baer and challenged by attorneys for the class plaintiffs who recommended to the Court that the claim be disallowed because Baird failed to execute the prescribed release, the hearing from whence this appeal arose was set and held. Prior thereto, Baird maintained that until the Amended Release was acted upon by the Court, he was allowed an extension of time either to file the unconditional claim (with the exact release executed by all other settlement claimants) or to opt out of the class, even though the time periods for either alternative had expired. It was in this setting that Baird, as trustee, filed a "Motion to Extend Time on Contingent Claim And, In the Alternative to Extend Time to Opt Out of the Class" dated and filed February 25, 1976. This motion alleged, Inter alia, that: Baird represented the class of former employees of King Resources Corporation who were members of the Profit Sharing Retirement Plan of King Resources Company; the state court action is at issue but stayed by reason of the order of August 23, 1971, entered by the federal district court in the Chapter X Reorganization Proceedings; the claims of Baird in the employees' action "Are based on alleged illegal acts by Trustees of the Retirement Plan, officers and directors of KRC, and KRC by which funds contributed by and on behalf of employees of KRC for a Retirement Plan were improperly invested in stock of KRC and virtually totally lost, resulting in alleged damages exceeding $500,000.00; that the employees' action is not related to the Dietrich case, except to the extent that the price paid by the Trustees for the KRC stock was inflated by reason of false statements and concealments alleged in the Dietrich case; that the liability of the individual defendants is covered, in part, by Employers' Liability Assurance Corporation, which was not a party to the Dietrich settlement . . . ." (R., Vol. IV, pp. 371-374.) (Emphasis supplied.)
 
 
 21
 The June 18, 1975, Settlement Agreement defined the classes provisionally ordered by the District Court as approving the Settlement Agreement to include:
 
 
 22
 All persons, other than Directors and/or Officers of KRC named as defendants in The Dietrich Corporation, et al. vs. King Resources Company, et al., No. C-3424, D.Colo., and members of their immediate families, who purchased or acquired shares of common stock of KRC commencing March 31, 1967 and ending February 1, 1971, inclusive, of record or beneficially, and suffered losses as a result of such purchases. (R., Vol. III, pp. 113, 114.)
 
 
 23
 The other defined class included purchasers of the 5 1/2 percent convertible subordinated debentures of KRC. In Order 1976-6, appellee Baird and the persons he represents were found to be members of the shareholder class within the above definition.
 
 
 24
 Paragraph 3.01 of the Settlement Agreement provides that the KRC securities litigation classes, which include the shareholder class described above as well as the named plaintiffs, will either consent to the entry of a final judgment dismissing the class actions with prejudice or timely opt out. It further provides that all plaintiffs and members of the classes who do not timely request exclusion shall be forever barred from prosecuting against the defendants, including KRC and Trustee Baer:
 
 
 25
 . . . any and all claims alleged or which could have been alleged in the KRC Securities Litigation; that a release conforming to 3.01(c) below shall be included in the final judgment and in the proof of claim form which must be executed and filed in the KRC Securities Litigation in order for such person to participate in this settlement . . . . (R., Vol. III, p. 120.)
 
 
 26
 Paragraph 3.01(c) provides that the class members shall
 
 
 27
 . . . release all defendants in the KRC Securities Litigation . . . from any and all claims, causes of action and liability whatsoever alleged or which could have been alleged in the KRC Securities Litigation. (R., Vol. III, p. 12.)
 
 
 28
 The District Court approved the proof of claim form and the release provision therein as conforming to the mandates of the Settlement Agreement. (R., Vol. IV, p. 209, et seq.) The release thus required from each member of the class provided:
 
 
 29
 Conditioned upon the proposed settlement becoming effective, the undersigned hereby releases and discharges all defendants in the Securities Cases, KRC in the Reorganization Proceedings or otherwise, the KRC Trustee, American Employers' Insurance Co., Inc. and its reinsurers, Lloyd's, London, And anyone else whomsoever of any and all claims alleged or which could have been alleged in the Securities Cases as well as all claims the undersigned may have as a purchaser of King Resources Company shares or 5 1/2% Convertible Subordinated Debentures due 1988 Arising out of any act or omission relating to King Resources Company or its subsidiaries, the business, management or financial statements of any of said companies, or information of any kind whatsoever furnished by anyone concerning any of said companies. (Emphasis supplied.) (R., Vol. IV, p. 240.)The District Court order of December 23, 1975, contained the same conforming release as that above quoted in the proof of claim form. (R., Vol. IV, p. 294.)
 
 
 30
 The potential members of the class were advised in the Important Notice of Proposed Settlement of their right to be excluded from the class, and that upon failure to request exclusion in the manner and within the time provided for:
 
 
 31
 You will be included in such provisional class or classes, and any order or judgment of the Court in the Securities Cases and the KRC Reorganization Proceedings, whether favorable or not, in connection with the proposed settlement proceedings will be binding upon you. (R., Vol. IV, p. 264, Exhibit A.)
 
 
 32
 In addition, they were informed of their right to enter an appearance with regard to the adequacy of the representation of the named plaintiffs. (R., Vol. IV, p. 268, Exhibit A.)
 
 
 33
 There is no dispute that the Baird claim is within the provisional class and that Baird did not opt out of the class. We hold that, regardless of any factual assertions which distinguish the Manner by which the Baird employee class of claimants acquired the KRC stock, the allegations presented in the state court action clearly evidence that the Baird claims arise from fraudulent acts or omissions of KRC Trustees, who were officers and/or directors of KRC, and KRC, relating to the business, management, financial statements or information concerning KRC.
 
 
 34
 Thus, we believe that Baird seeks not to opt "out" but, rather, to opt for the "best of all possible worlds." By contending that the claims he represents as trustee are so dissimilar to the Dietrich claims that they cannot "fit" into an identified class for purposes of the Settlement Agreement, Baird prevailed upon the District Court to allow his claim for $442,450.00, the loss allegedly suffered by him and the class consisting of the employees involved in the Profit Sharing Retirement Plan. This sum coincides with the amount of Baird's claim filed against KRC Trustee Baer in the Reorganization Proceeding and the amount sought by Baird in the pending state court action. Thus, the net effect of the District Court's order allowing the Baird claim under the terms of the Amended Release proviso is twofold: (a) the Baird claim is recognized as within the aforesaid Dietrich class for full, equal purposes in the Settlement Agreement notwithstanding that, (b) only the Baird claim is entitled to go forward in a separate action to the extent that it presents claims "which could not be properly asserted by KRC Security Holder Class Members generally." It is important here to observe that Baird, with full knowledge of the proposed Settlement Agreement constituting the basis of the Plan of Reorganization under 11 U.S.C.A. § 616 took no action to object or protest to the Plan and he did not appear at the hearing held specifically to determine whether the Plan is "fair and equitable." (United States v. Key, 397 U.S. 322, 90 S.Ct. 1049, 25 L.Ed.2d 340 (1970)). Significantly, had Baird protested or appeared to notify the Court that the Baird claimants did not accept the plan, such action on Baird's part would have constituted an "opt out," thus requiring the Court to undertake one of four alternative courses to "equitably and fairly" protect the Baird claim. 11 U.S.C.A. § 616(7).
 
 
 35
 We hold that the allowance of the Baird claim based upon the Amended Release is erroneous, in that it is in violation of the terms of the Settlement Agreement and the applicable law. The natural effect of Order 1976-6 is to accord the Baird claim a preference not authorized under the terms of the Settlement Agreement and the prior orders of the District Court. This is so because Baird is the only claimant to the Settlement Agreement allowed to realize his proportionate share of the settlement distribution and, at the same time, to proceed with the state court action Upon the identical claim in order to realize additional recovery. The whole object of corporate reorganization is to work out a feasible plan, i. e., one which holds out a reasonable prospect that it will work successfully. Bankruptcy Act, §§ 174, 221(2), 146(3), 11 U.S.C.A. §§ 574, 621(2) and 546(3). See also, Protective Committee v. Anderson, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968); Securities and Exchange Commission v. American Trailer Rentals Co., 379 U.S. 594, 85 S.Ct. 513, 13 L.Ed.2d 510 (1965). A salient, critical aspect of Chapter X Reorganization of a corporation is the discharge of demands of every kind or character, executory and contingent, due or to mature in the future. City Bank Farmers Trust Co. v. Irving Trust Co., 299 U.S. 433, 57 S.Ct. 292, 81 L.Ed. 324 (1937). Significantly, the exceptions from discharge in bankruptcy of certain classes of § 17 of the Act, 11 U.S.C.A. § 35, are inconsistent with the provisions of Chapter X and, accordingly, do not apply in a Chapter X reorganization proceeding. See : Annotation, 135 A.L.R. 1422, 1424.
 
 
 36
 Even though we hold that Baird was given preferential treatment over All other settling claimants, we do not agree with Baer's contention that the "natural effect of Order 1976-6 is to give Baird a 'double recovery' no matter what provision for offset is contained in the limited release approved and adopted by the lower court." (Reply Brief of Appellant, p. 2.) There is no reason, in fact, to support the "double recovery" projection.
 
 
 37
 We are troubled by the finding contained in the District Court's Order 1976-15 denying Baer's Motion for a New Trial and to Alter or Amend Judgment, wherein the Court reasoned that the protection sought by the various defendants in the Settlement Agreement was obtained via the Amended Release executed by Baird, notwithstanding Baird's reserved right to pursue the state court action. This judgment was predicated upon the fact that Baird did release the settling defendants from all claims which "could have been alleged in the KRC Securities Litigation." If this recital means that the Baird claim is not to be equated in Substance with the Dietrich claims, then, we submit, Baird cannot be considered a member of the Rule 23 settling class of claimants. However, the District Court has ruled that Baird is in fact a member of the settling class and, on this basis, his claim has been allowed. If, on the other hand, the recital means that Baird may proceed with his claim in the state court action providing that the action does not Involve liability against any of the settling defendants, whether through employment of counsel or otherwise then, we submit, the query becomes: Why did the Court permit the Amended Release in lieu of the clear, concise language of the release form provided for in the Settlement Agreement? We can only speculate on these matters. We believe, however, that the queries are important in arriving at that which we perceive to be the proper disposition of this controversy.
 
 
 38
 KRC was at all times during the Dietrich, Gross and Morell securities actions, in corporate reorganization under the provisions of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501, et seq. A prime purpose of enactment of the chapter is to give an independent trustee the opportunity to conduct in-depth inquiry in order to ascertain whether a liquidation proceeding can be avoided in favor of a reorganization and rehabilitation of a corporate business in order to preserve it as a going concern. Caplin v. Marine Midland Grace Trust Co. of New York, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972); Sherr v. Winkler, 552 F.2d 1367 (10th Cir. 1977). A plan of " reorganization" in order to be feasible must eliminate or reduce the right of stockholders and reduce or extend the claims of creditors to a degree that will place the debtor corporation in a financial position where it can continue in business and meet the claims of its creditors. In re Public Leasing Corp.,488 F.2d 1369 (10th Cir. 1973).
 
 
 39
 Baird insists that grave constitutional questions involving the lack of adequate representation, typicality of claims and failure to give adequate notice would have arisen if the District Court had forced the inclusion of the Baird claims, in toto, in the standard release (Brief of Appellee, p. 14.) This contention rings hollow, in our view, in light of Baird's subsequent acknowledgment that if he and the employee claimants had "followed" paragraph 5 of the Notice ". . . and resorted to the pleadings and papers on file with the Court, they would have found allegations of false statements to the investing public." (Brief of Appellee, p. 15.) Baird concludes that, "They would have found no reference to illegal conduct and breach of fiduciary duty to the KRC Employees' Profit Sharing Retirement Plan, no reference to sale of unregistered securities under § 5 of the Securities Act or the Colorado Securities Act, and no reference to a violation of the Investment Company Act of 1940." (Brief of Appellee, p. 15.) In our view, Baird has for some unexplained reason omitted references to language contained in Sections 1 and 4 of the Notice. Section 1 identifies the Dietrich, Gross and Morell cases (the "Securities Cases") as involving claims for damages "for alleged violations of the federal securities law and state law" relative to purchase of KRC common stock. (R., Vol. IV, p. 361.) Section 4 advises that the complaints allege that defendants violated federal securities laws "among other laws" in that "in connection with the sale of KRC common stock" the defendants "employed devices, schemes, and artifices to defraud and engaged in acts, transactions or a course of business which operated as a fraud or deceit upon the purchasers of such securities." (R., Vol. IV, p. 361.) This is, to be sure, all encompassing language of fraud and deceit practiced upon all purchasers of common stock of KRC. It becomes obvious, we believe, that Baird cannot "have it both ways." The District Court, in allowing the Baird claim with the Amended Release, found that Baird was a member of the claimant class. No challenge to that finding has been made by Baird. The finding, we note, is consistent with Judge Finesilver's prior finding in his order certifying the Dietrich, Gross and Morell actions as class actions. That finding clearly conveyed the Court's analysis of the "claims which constitute the basic thrust of the lawsuit" as that "premised . . . on one conspiracy to defraud." (R., Vol. III, p. 79.)
 
 
 40
 We conclude that the trial court erred in allowing Baird to execute the Amended Release which is in variance with the Release prescribed under the terms of the Settlement Agreement.
 
 II.
 
 41
 We elect not to reach or treat the remaining contentions of error raised by Baer, inasmuch as we believe that the District Court, in approving Baird's claim with the executed Amended Release, was of the view that it was not at variance with the Release prescribed under Section 3.01 of the Settlement Agreement. The Court specifically found that the Amended Release "conforms" thereto. (R., Vol. V, p. 541.)
 
 
 42
 Baird elected not to opt out of the class within the allotted time. That time has expired. Baird comes "four square" within the rule applied In Re Four Seasons Securities Laws Litigation, 502 F.2d 834 (10th Cir. 1974), Cert. denied, Ohio v. Arthur Andersen & Co., 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309 (1974), wherein the Court said, Inter alia:
 
 
 43
 The touchstones of due process in class actions have always been notice and adequacy of representation, but their interrelationship has never been completely and clearly articulated. . . . We are constrained to conclude that due process was satisfied here when Ohio received the notice and order delineating the terms of the proposed settlement and informing Ohio that it was a designated member of a class, that it had the opportunity to opt out or be represented by counsel, That it would be bound if it failed to opt out. In such a case, we conclude that due process may be satisfied by notice alone . . . . (Emphasis supplied.) 502 F.2d, at 842, 843.
 
 
 44
 Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) was held not to apply In Re Four Seasons, supra. Eisen holds that Rule 23(c)(2) requires that all Rule 23(b)(3) class members who can be identified through reasonable effort are entitled to best practical notice under the circumstances as members of the class of their right to opt out or to enter an appearance together with adequacy of representation.
 
 
 45
 The very purpose of class actions is to avoid multiplicity of suits. It is a particularly important tool in a corporate Reorganization under Chapter X of the Bankruptcy Act. The concept is that of rehabilitation to save a going business. Nassau Smelting & Refining Works v. Brightwood Bronze Foundry Co., 265 U.S. 269 (1924). Thus, Corporate Reorganizations are not governed by rules involved in ordinary bankruptcy proceedings. In Securities and Exchange Comm. v. American Trailer Rentals Co., Supra, the Supreme Court held that even though public debt may not be materially and directly affected, a Chapter X corporate reorganization proceeding, rather than an arrangement under Chapter XI, was appropriate inasmuch as the debtor had widespread public stockholders and the protection provided by Chapter X for the benefit of public and private interests was required where there was evidence of management misdeeds requiring a complete accounting, need for new management, and need for financial arrangements beyond those required for the simple composition of its unsecured debts.
 
 
 46
 We reverse the District Court's allowance of the Baird claim with the conditional terms of the Amended Release attendant thereto. We remand to the District Court for such further proceedings deemed proper for clarification of its Order 1976-6, i. e., whether the District Court equated the Amended Release as identical, in terms of effect, to the Releases executed by all other allowed claims of settling plaintiffs filed in accordance with the Settlement Agreement. It is further ordered that should the District Court determine that the Amended Release is identical in Actual effect to the Releases executed by those claimants whose claims have been allowed aforesaid, that Appellee Baird be provided the right to expeditiously file an amended claim in conformance with all other claims allowed with an executed Release Identical to the releases heretofore executed by all other settling plaintiffs-claimants and, if so executed, that said claim be allowed.
 
 
 47
 Reversed and remanded for further proceedings consistent herewith.