**In the Matter of G. A. C. CORPORATION, Debtor.**

**Bankruptcy No. 76–131–BK–NCR–B.**

United States Bankruptcy Court, S. D. Florida.

Aug. 12, 1980.

Abrams, Anton, Robbins, Resnick, Schneider & Mager, P. A., Paul B. Anton, Hollywood, Fla., for Mailman Devp. Corp.

Bader & Bader, I. Walton Bader, White Plains, N.Y., Robert M. Brake, Coral Gables, Fla., for claimants.

Edward Read Barton, Allegan, Mich., for Gerald Foster.

Cravath, Swaine & Moore, Allen H. Merril and William Struyk, New York City, Steel, Hector & Davis, Jerry B. Crockett, Miami, Fla., for Chem. Bank, indenture trustee.

Sam Brothman, Washington, D. C., for Department of Housing and Urban Development.

Ira F. Gropper, Asst. U. S. Atty., Miami, Fla., for I. R. S.

Dennis E. LaRosa, Staff Atty., Tallahassee, Fla., for Dept. of Business Regulation, Division of Florida Land Sales and Condominiums.

Mahoney, Hadlow & Adams, Thomas M. Baumer, Jacksonville, Fla., for Trustees of Barnett Mortgage Trust.

Jack Meyorwitz, Conboy, Hewitt, O'Brien & Boardman, Marvin Hartung, New York City, Elliot L. Miller, Robert L. Weintraub, Frank J. Callahan, Miami, Fla., for GAC Corp., debentureholders.

Podhurst, Orseck & Parks, P. A., Miami, Fla., for Aura Associates and Mr. and Mrs. Murray Halfonds.

W. F. Esslinger, Miami, Fla., R. Joel Weiss, Hollywood, Fla., for creditors.

Samuel H. Freeman, New York City, for Mabel E. Duane, Evan G. Duane and George B. Duane.

Gerwin, Ehrenclou, Kessler & Weingarten, P. C., New York City, for objectant, Barbara Gerwin.

Ralph Golub, Thomas Elke, Goldstein, Barceloux & Goldstein, Lovitt & Hannan, Inc., San Francisco, Cal., for Weis and Mancini.

Law Offices of Jay H. Hernberg, Fort Lauderdale, Fla., for John Feldmayer and Estelle Clark.

George A. Berkowitz, Chairman, Richard H. Millen, Robinson & Wolas, Herbert Wolas, Los Angeles, Cal., Sandler & Sandler, P. A., Martin Sandler, Miami, Fla., for Cal. Creditors' Committee.

Michael Berman, S. E. C., Washington, D. C., for S. E. C.

Phillips & Phillips, Louis Phillips, Layne & Brill, P. A., Herbert L. Brill, Miami, Fla., for debentureholders.

Henry A. Pominville, P. C., Bay City, Mich., for Thomas J. Drummond and Nancy J. Drummond.

C. F. Poole, Naranja, Fla., Martin E. Silfen, P. C., New York City, Hugh Sawyer, St. Petersburg, Fla., for lot purchasers.

Harold Shapiro, Miami Beach, Fla., for Abraham Simon.

Mortimer A. Shapiro, Nemser & Nemser, New York City, for Protective Committee for Senior Debentureholders of "CREDIT."

Gunn, Venney & Buhler, John H. Gunn, Miami, Fla., Orrick, Herrington, Rowley & Sutclif, Sidney Roberts, and Robert Gloistein, San Francisco, Cal., for B of A, indenture trustee.

Blackwell, Walker, Gray, Powers, Flick & Hoehl, John R. Camp, Jr., Miami, Fla., for Chapter X co-trustees.

Bradford, Williams, McKay, Kimbrell, Hamann, Jennings & Kniskern, P. A., Carl K. Hoffmann, Miami, Fla., Shearman & Sterling, Peter T. DeKoszmovszky, New York City, for Citibank, N. A., indenture trustee.

Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P. A., Leonard H. Gilbert, Tampa, Fla., for Polk, Collier and Osceola Counties.

Weil, Gotshall & Manges, Alan B. Miller, New York City, Smathers & Thompson, Harry L. Durant, Miami, Fla., for Oppenheimer & Co.

Fuller, Feingold, Weil & Scheer, Murray B. Weil, Jr., Miami Beach, Fla., for class action plaintiffs.

Britton & Cohen, et al., Miami, Fla., for debtor.

**6**

Greenberg, Traurig, Hoffman, et al., Larry J. Hoffman, Miami, Fla., for Corp. Creditors' Comm.

Stutman, Treister & Glatt, Robert A. Greenfield, Los Angeles, Cal., of counsel, for H. F. Ahmanson & Company.

James D. Tangires, Division of Compliance, Bureau of Consumer Protection, F. T. C., Washington, D. C., for F. T. C.

Trenam, Simmons, Kemker, Scharf & Barkin, William K. Zewadski, Tampa, Fla., for Mrs. Duncan.

Irving Mark Wolff, P. A., Miami, Fla., of counsel, for Halfonds.

James Edward Yacos, P. A., Miami, Fla., Irell & Manella, Milton B. Hyman, Sp. Tax Counsel, Los Angeles, Cal., for co-trustees.

Paul & Thompson, Miami, Fla., Jones, Bird & Howell, F. M. Bird, Jr., Atlanta, Ga., Keith Heller, Minneapolis, Minn., Cummings & Lockwood, James M. Barton, Greenwich, Conn., for Cedar Riverside Properties and LHIW Corp.

Prunty, Ross & Olsen, Miami, Fla., for 700 claimants in four countries d/b/a Prunty Claims.

Russell L. Swarthout, Detroit, Mich., for GAI, Ltd.

Martin B. Whitaker, Atty., Tax Div., Civil Trial Sec., Southern Reg., Dept. of Justice, Washington, D. C., for Dept. of Justice.

Sabatini & Budney, Vincent F. Sabatini, Newington, Conn., for Edward G. and Mary A. Presta.

Irwin Siegel, Encino, Cal.

Coughlin & Gerhart, Gordon Coughlin, Binghamton, N. Y., for Samuel Vail.

Welbaum, Zook, Jones & Williams, Peter C. Jones, Miami, Fla., for Travelers Indem. Co.

McDonald, Brown & Tipler, Steven D. Tipler, Birmingham, Ala., for Charles H. Mullens.

Wakefield, Hewitt & Webster, Miami, Fla., for lot purchasers Mitchell, Decker, Appel, and Destremps.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Roland International Inc.

Cole & Deitz, Robert Rosenberg, New York City, for National Bank of North America.

Pauline M. Stevens, Los Angeles, Cal., for Bank of America.

Robert E. McGarry, McGarry & Brody, St. Paul, Minn., for Ellery A. and Helen M. Likens, Jr.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Two bondholders, the Halfonds, seek the removal of the trustees and their counsel and the creditors' committees and their counsel, and to surcharge these persons for fees and expense reimbursement they have received. The motion also seeks delay in the submission of the trustees' plan to the creditors for their vote. (C.P.No.2488) This motion was filed after the Halfonds obtained leave for a major accounting firm to conduct a partial audit investigation of the trustees' operation at the Halfonds' expense. The motion is based largely upon that investigation.

By this court's order of May 9, 1980, the motion was denied insofar as it sought delay in the submission of the trustees' plan to the creditors. (C.P.No.2510) Hearings were held to consider the application in all other respects on May 30, June 2, 4, 5, 6, 9, 11 and 12.

The motion alleges and the evidence generally substantiates that: (1) No court authorization was obtained for the appointment and compensation of at least nine of the present officers and directors of the debtors and the debtors' wholly owned subsidiaries, some of whom had been employees of the debtors before bankruptcy. In addition $143,500 in bonuses were paid in 1979 to three of these same officers without court approval. (2) The debtors own 176 cars and have leased 28 more cars without court approval, including 7 cars provided for officers and a Lincoln Continental provided for each of the trustees. The debtors

pay almost all car expenses for all these cars. (3) The debtors provided travel, meals and lodgings for many creditors' committee members, their attorneys, and at least one S.E.C. attorney on various occasions in New York, Los Angeles and Eleuthera. (4) One company that employs two sons of one of the debtors' officers received $10 million in construction contracts from the debtors during 1976 through 1979 and one son received $20,000 in real estate commissions for sales of the debtors' property in the past two years. In addition, during 1978, the debtors paid officers without court approval $150,000 for expenses, including $12,000 for the trustees.

The application characterizes the foregoing conduct as misfeasance, nonfeasance and malfeasance on the part of the trustees and their attorneys and charges that the trustees deliberately undertook to:

" . . . woo Creditors Committees and their attorneys in connection with promoting the Trustees' Plan and encouraging Callahan's retention as chief executive by the Reorganized Company."

Section 191 of the Act (11 U.S.C. § 591), provides that trustees:

" . . . may employ officers of the debtor at rates of compensation to be approved by the court . . ."

and Bankruptcy Rule 10–215(a) provides that:

"A person seeking compensation from the estate for services or reimbursement of necessary expenses shall file with the court an application . . ."

Respondents concede that these two provisions were not complied with in the instances specified in the motion. They seek indulgence because (a) this is a very large case and their attention was absorbed with more pressing matters, (b) the omission was an oversight on their part and not an intentional effort to hide these matters from the court or the creditors, and they offer to refund any improper payment received, and (c) they have otherwise performed their duties with devotion and skill. Each of these contentions is generally supported by the record before me and I find no fraud,

embezzlement or attempt to conceal or deceive on the part of any of the respondents.

With respect to the charges of nepotism on the part of Powell (an officer of the debtors) in awarding many substantial construction contracts, the trustees were not involved and I do not find them negligent in failing to detect or prevent the nepotism. The debtors have suffered no injury or loss resulting from the nepotism.

More significantly, perhaps, I find no statute, court rule, general principle of law or existing company rule which prohibited Powell from awarding contracts to a company that employed his sons. There is a clear prohibition of nepotism by federal judges. 28 U.S.C. § 458; 18 U.S.C. § 1910. Powell, an officer of the debtor corporations, was not bound by these statutory provisions. Powell made no effort to conceal his sons' participation. There is presently no basis to punish anyone for nepotism in this case. I can only suggest that the trustees consider the adoption of a company rule designed to prevent future nepotism.

The issue before me, therefore, is whether the admitted transgressions in the first three categories outlined above warrant dismissal of the trustees, their attorneys, the creditors' committees and their attorneys. I have concluded that they do not. The respondents are guilty of technical violations rather than actual and active wrongdoing. Cf. *Matter of Arlan's Department Stores, Inc.*, S.D.N.Y.1978, 462 F.Supp. 1255, 1262. These matters presented in these hearings will be considered in fixing compensation for the respondents. They do not warrant more at this stage of this case.

The Act requires prior approval in the appointment of the debtor's officers and directors "to prevent the old management from indirectly slipping back into control." 18 N.Y.U.Law Review 399, 446. There was nothing surreptitious about these appointments and old management is not back in control. The compensation, including the bonuses has been based upon recommendations of independent management consult-

8

ants employed with court approval. I am confident that failure to get prior approval was an oversight. The appointments and compensation are ratified.

There is nothing unusual in the purchase and lease of cars that took place in this case, except for the leased cars provided for the officers and trustees. The practice is common in industry today. It was followed by these companies before bankruptcy and it has been ratified here. (C.P.No.2707.)

The trustees, however, are instructed that there are to be no future instances of either trustee receiving any advantage from his position at the expense of the debtors without specific prior court approval. I am aware that trustee Callahan used the debtor's funds to make a deposit on a car purchased by him in 1976 and that my late predecessor admonished and instructed Callahan on that occasion. (C.P.No.326 at page 22). Freehling, as an experienced trustee should have known better. If this case were not nearly concluded and if the trustees had not done such a good job, I could not overlook this obvious insensitivity as to their fiduciary responsibility.

The expenditures for travel, accommodations and meals for creditors' committees and attorneys were made to facilitate communication between the trustees and the diverse creditor interests which threatened to stalemate any recovery of these businesses. I am satisfied that the trustees intended to soften resistance to their plans for rehabilitation. The expenditures had the desired effect. Although I am certain that Judge Hyman was unaware of the expenses, I believe he would have authorized them had his approval been sought.

The trustees have been able to revive a company that was a complete shambles. It had lost $25 million the preceding year. It owed nearly $100 million more than its assets were worth. Its development projects had been almost completely arrested by federal, state and local regulatory agencies, who frequently imposed conflicting requirements. The real estate market was more depressed than it had been for the past 40 years.

If the business had been liquidated at that time, no general creditor and very few secured creditors would have recovered anything. Thousands of purchasers of homesites and of homes under construction would have lost their investments. The partially developed communities built by this business would have become stagnant, severely depressing the property values of all who had already bought in those communities as well as those in neighboring communities.

After four and one-half years of determined effort on the part of the trustees, particularly Callahan, the developments are solidly underway, the litigation that threatened from every quarter has been settled, and the trustees have $35 million in cash on hand and all usable assets have been preserved. The trustees' plan for reorganization which was approved by the S.E.C. and has been accepted by far more than the two-thirds majority of creditors required by the Act, is now before this court for confirmation.

We should never forget that the only purpose of Chapter X and its implementing rules is to make such a rehabilitation possible. *Dietrich Corp. v. King Resources Co.*, 10 Cir. 1978, 583 F.2d 1143, 1149. This court's function is to achieve that result, if possible without infringing the rights of others, as quickly and as economically as possible. That purpose would be obstructed, not served, by the replacement of the trustees, and the creditors' committees and their attorneys at this point in this case.

This motion is denied.